## COMMONWEALTH vs. THOMAS K. YAMEEN.

Suffolk. Essex.  November 2, 1987. — December 17, 1987.

Present: HENNESSEY, C.J., LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Motor Vehicle,* Operating under the influence. *Moot Question. Practice, Criminal,* Examination of jurors. *Evidence,* Relevancy and materiality, Breathalyzer test.

Although the question of error in denying a criminal defendant's motion for a stay, pending appeal, of the revocation of his driver's license had become moot through the passage of time, this court reached the issue as one that was capable of repetition yet apt to evade review. [333]

A judge may, in his discretion, grant a stay of the automatic license revocation mandated by G. L. c. 90, § 24 (1) (*b*), pending a defendant's appeal from his conviction of operating a motor vehicle while under the influence of intoxicating liquor. [333-335]

No error appeared in the trial of a complaint for operating a motor vehicle while under the influence of intoxicating liquor by the judge's denial of the defendant's motion to pose questions to prospective jurors in addition to those required by G. L. c. 234, § 28 [335], nor by the judge's declining to instruct the prospective jurors during the empanelment process on the concepts of reasonable doubt, burden of proof and presumption of innocence [336].

At the trial of a complaint for operating a motor vehicle while under the influence of intoxicating liquor, the judge properly submitted to the jury the issue of the accuracy of a breathalyzer test administered to the defendant. [336]

No error was created at the trial of a complaint for operating a motor vehicle while under the influence of intoxicating liquor by the judge's allowing the prosecution to suggest on cross-examination of the defendant that he took a breathalyzer test to avoid the loss of his driver's license for ninety days, under the provisions of G. L. c. 90, § 24 (1) (*f*), where defense counsel had raised the issue of the defendant's consciousness of innocence in his having taken the test. [336-337]

COMPLAINT received and sworn to in the Lawrence Division of the District Court Department on March 13, 1986.

In the jury session of the Haverhill Division the case was tried before *William H. Sullivan,* J.

The Supreme Judicial Court granted a request for direct appellate review.

A proceeding seeking a stay of revocation of the defendant's motor vehicle operator's license was heard by *Abrams,* J., in the Supreme Judicial Court for the county of Suffolk.

*Bruce T. Macdonald* for the defendant.

*David A. Grossbaum,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. The defendant was convicted by a jury of six in the District Court Department of operating a motor vehicle while under the influence of intoxicating liquor.[1] The judge imposed a fine and a surfine and ordered the defendant forthwith to surrender his driver's license, pursuant to the automatic revocation provisions of G. L. c. 90, § 24 (1) (*b*) (1986 ed.). The judge stayed the fines pending the defendant's appeal, but declined to stay the revocation of the defendant's license.

The defendant appealed his conviction to the Appeals Court and filed a motion in that court requesting a stay of the license revocation pending appeal. A single justice denied this motion. The defendant then sought review of this ruling by a single justice of this court under G. L. c. 211, § 3 (1986 ed.). Relief was denied. Thereupon the defendant filed an appeal from the order of the single justice to the full bench of the Supreme Judicial Court. We granted the defendant's application for direct appellate review and consolidated his appeals from his conviction and from the single justice's order declining to stay the revocation of his license.

On appeal of his conviction for operating under the influence, the defendant assigns as error certain actions of the trial judge which are discussed below. The defendant also contends that the single justices of the Appeals Court and of the Supreme Judicial Court erred in denying his motions for a stay of the revocation of his license.

---

[1] A second conviction for failure to use care when turning was not appealed.

1. *Motion for stay pending appeal.* At the outset, we note that the issue as to the stay is moot as regards the defendant, since the one-year revocation period has passed. However, both parties urge us to reach this issue as one that is capable of repetition, yet evading review. "[W]e have on occasion answered questions in moot cases where the issue was one of public importance, where it was fully argued on both sides, where the question was certain, or at least very likely, to arise again in similar factual circumstances, and especially where appellate review could not be obtained before the recurring question would again be moot." *Lockhart* v. *Attorney Gen.,* 390 Mass. 780, 783 (1984), and cases cited. These considerations make resolution of the present issue desirable. Defendants convicted of operating under the influence will continue to appeal their convictions. Because the revocation period generally will be shorter than the period of time necessary to complete the appellate process, this issue is apt to evade review. See *First Nat'l Bank* v. *Haufler,* 377 Mass. 209, 211 (1979) ("An issue apt to evade review is one which tends to arise only in circumstances that create a substantial likelihood of mootness prior to completion of the appellate process").

The single justice of the Appeals Court believed that he lacked statutory or inherent power to grant the requested stay. It is not clear on what basis the single justice of the Supreme Judicial Court denied the defendant's request for a stay. She stated that it was "not clear" that she had such power, but it is just as likely that she declined to act because she determined in her discretion that a stay was not warranted. The Commonwealth contends that the power to stay a license revocation resides only in the Registrar of Motor Vehicles and not in the judiciary. The defendant, of course, disagrees.

The Commonwealth argues that Mass. R. Crim. P. 31, 378 Mass. 902 (1979), which authorizes stays of sentences pending appeal, applies only to sentences of imprisonment or fines and not to a driver's license revocation; that under G. L. c. 90, § 24 (1) (*b*), the courts specifically are prohibited from staying a license revocation pending appeal; and that the courts do not have inherent power to stay a license revocation absent statutory

authorization, much less in the face of a statutory interdiction of such stays.

We agree with the Commonwealth that Mass. R. Crim. P. 31 does not authorize a stay of a license revocation. By its terms, that rule applies only to sentences of imprisonment or fines. But we do not think that G. L. c. 90, § 24 (1) (b), specifically prohibits a court from staying a license revocation pending appeal. That statute says only that "no appeal, motion for new trial or exceptions shall operate to stay the revocation of the license or the right to operate." This language does not purport to divest the judiciary of the power to issue a *discretionary* stay of a license revocation pending appeal, but comports with the normal criminal law practice that entry of an appeal does not *automatically* operate to stay the execution of a sentence. See Mass. R. Crim. P. 31 (a) (where sentence of imprisonment imposed, "the entry of an appeal shall not stay the execution of the sentence unless the judge imposing it or a judge of the Supreme Judicial Court or the Appeals Court determines in his discretion that execution of said sentence shall be stayed pending the final determination of the appeal").

That the Legislature would purport to divest the judiciary of the power to grant a discretionary stay pending appeal in a driver's license revocation case is a proposition that we will not accept absent a clearer indication of legislative intent. To construe G. L. c. 90, § 24 (1) (*b*), as prohibiting a court from issuing a discretionary stay pending appeal would be inconsistent with the statutorily granted right of appeal from a conviction of operating under the influence, G. L. c. 211A, § 10 (1986 ed.). To allow a defendant to appeal his conviction yet mandate that his punishment could not be stayed while he did so would be to "pay lip service to the statutory provisions that establish the right for a licensee to appeal while eradicating any practical reason for taking the appeal. . . . A licensee whose license has been revoked or suspended immediately suffers the irreparable penalty of loss of [license] for which there is no practical compensation. This happens even if said licensee wins an appeal and a decision holding that the license was wrongfully revoked. The purpose and impetus for appeal-

ing[,] i.e., to prevent having an irrevocable and irreparable penalty imposed, is erased when the statute requires imposition of the penalty prior to and despite the outcome of the appeal. . . . The practical effect is to render the appeal a meaningless and merely ritualistic process." *Smothers* v. *Lewis,* 672 S.W.2d 62, 65 (Ky. 1984) (statute denying courts the power to stay liquor license revocation pending appeal violates Kentucky Constitution's mandate of separation of powers; courts have inherent powers to stay execution of sentence pending appeal). We therefore conclude that a judge in his discretion may stay a license revocation pending appeal.

2. *Motion for additional voir dire questions.* The defendant contends that the trial judge erred in denying his motion for questions to be posed to prospective jurors, and that this ruling deprived him of a meaningful opportunity to discover biases of the prospective jurors regarding the consumption of alcoholic beverages and the offense of operating a motor vehicle while under the influence of intoxicating liquor. He argues that the judge's denial of his motion prevented the defendant from intelligently exercising his peremptory challenges and challenges for cause. The judge asked the prospective jurors the questions required by G. L. c. 234, § 28 (1986 ed.). He declined to ask the defendant's additional questions, which sought to explore specific areas of possible juror bias, to explain certain areas of the law prior to the final charge, and to ensure that the jurors would follow the judge's statements of the law.

"The decision not to ask the further questions requested by the defendant[ ] was not error. Whether questions other than those required by statute and case law should be put to prospective jurors has been viewed historically as discretionary with the trial judge." *Commonwealth* v. *Horton,* 376 Mass. 380, 393 (1978), and cases cited. *Commonwealth* v. *Monahan,* 349 Mass. 139, 156 (1965), and cases cited. See *Commonwealth* v. *Rhoades,* 379 Mass. 810, 821 (1980) ("Questions not aimed at 'revealing racial bias or any similarly indurated and pervasive prejudice' are not constitutionally required," quoting *Commonwealth* v. *Bailey,* 370 Mass. 388, 399 [1976]), and cases cited.

Nor was there error in the judge's declining to instruct the prospective jurors as to the meaning of certain concepts included in the statutory questions.[2] The argument is that the prospective jurors could not respond intelligently to the questions for lack of understanding of the legal terms, and consequently the defendant could not effectively use his challenges. The defendant emphasizes that the judge should have defined the term "reasonable doubt" for the prospective jurors and inquired of them whether they would have difficulty accepting and applying this legal principle. The short answer to these contentions is that the Legislature did not mandate that such explication must occur as part of the empanelling process. Whether such preliminary instruction should be given rested in the discretion of the judge. See *Horton, supra* at 391. We add that the judge charged fully and correctly at the conclusion of the trial, and nothing appears in this record to indicate that the jury did not understand and apply the law correctly. *Rhoades, supra* at 822.

3. *Evidentiary rulings*. The evidence showed that the defendant submitted to a breathalyzer test. The defendant contends that the judge erred in admitting the results of the breathalyzer test where testimony of police witnesses showed that the test was not properly administered. These witnesses, however, testified that although the procedure followed was not ideal, it was adequate, and that they believed that the test results were accurate. The defendant's contention goes to the weight of the evidence, not its admissibility. This issue was for the jury, and it was not error to submit it to them.

The defendant further contends that the trial judge erred in requiring the defendant to answer on cross-examination that he was informed that he would lose his driver's license for ninety days if he refused to take a police-administered breathalyzer test. He argues that this evidence was irrelevant

---

[2] The defendant's motion for jury questions focused on the statutory provisions that inquiry must be made as to the concepts that a defendant is presumed innocent until proven guilty, that the Commonwealth has the burden of proving guilt beyond a reasonable doubt, and that the defendant need not present evidence in his behalf. G. L. c. 234, § 28.

to any issue in the case, or, if relevant, should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice to the defendant.[3] In the defendant's view, allowing the prosecution to inquire into this matter created an untenable dilemma for a motorist arrested for driving under the influence. If he refuses the test, he loses his license for 120 days (ninety days, at the time the defendant was arrested), G. L. c. 90, § 24 (1) (*f*) (1986 ed.). If he consents to the test, he is subject to the suggestion at trial that he took the test not because of his consciousness of innocence but rather because of the threatened loss of license. The evidence was relevant to show that the defendant's willingness to take the breathalyzer test was not due to his consciousness of innocence. The judge in his discretion was warranted in concluding that the probative value of the inquiry was not substantially outweighed by the danger of prejudice to the defendant.[4] Fairness undoubtedly will be promoted in such cases if the aspect of "voluntariness" does not arise in the evidence at all, by preliminary direction of the judge, upon motion of any party.

*Judgment affirmed.*

*Order of the single justice affirmed.*

---

[3] Evidence that the defendant had declined to take a breathalyzer test would not be admissible. G. L. c. 90, § 24 (1) (*e*) (1986 ed.).

[4] In his opening statement, defense counsel made reference to the fact that the defendant had "voluntarily submitted" to the test. The defendant testified that he was not intoxicated on the night of the arrest; that he "couldn't believe" that he had been stopped for driving under the influence; and that he was informed of the right to take the test, and "so I decided to take it." The judge could reasonably conclude that an inference of the defendant's consciousness of innocence could have been drawn by the jury. Cf. *Commonwealth* v. *Preziosi*, 399 Mass. 748, 752-753 (1987) (no impropriety in prosecutor's suggestion that the jury draw inferences contrary to defense counsel's argument that they could infer the defendant's consciousness of innocence from his cooperation with the police).