680 So.2d 1093 (1996)
STATE of Florida, DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, Appellant,
v.
Martin DEGROSSI, Appellee.
No. 96-1226.
District Court of Appeal of Florida, Third District.
October 9, 1996.
*1094 Enoch J. Whitney, General Counsel, and Jill Tavlin Swartz, Assistant General Counsel, Tallahassee, for appellant, Department of Highway Safety and Motor Vehicles.
Yale L. Galanter, and Patricia L. Marino, Miami, and Nicole Morris McNeal, Aventura, for appellee.
Before SCHWARTZ, C.J., and GERSTEN and GODERICH, JJ.
GERSTEN, Judge.
We review a county court order certifying the following question to be of great public importance:
Does section 322.28(6) prevent a county court judge from ordering the Department to stay a driver license revocation/suspension pending appeal where a defendant has pled no contest, specifically reserving the right to appeal the denial of a Motion to Dismiss, where the plea resulted in the conviction of the criminal charges and a suspension/revocation of the driver's license?
As explained below, we answer the certified question in the affirmative, and reverse the trial court's order.
Degrossi pleaded no contest to driving under the influence ("DUI"), and reserved his right to appeal the denial of his motion to dismiss the DUI charge. Although the county court convicted Degrossi for DUI, it granted his motion to stay the conviction and sentence pending his appeal from the denial of the motion to dismiss.
Upon receiving notice of the conviction, the Department of Highway Safety and Motor Vehicles (the "Department") sent Degrossi an order of license revocation, suspension or cancellation, pursuant to Section 322.26(2), Florida Statutes (1995). Succinctly, this section mandates that the Department revoke the license of any individual convicted of DUI.
However, the county court granted Degrossi's motion to stay the revocation, and then issued a rule to show cause when the Department failed to comply with the stay order. Although the trial court was aware of Section 322.28(6), Florida Statutes (1995) which states that, "no suspension or revocation of a driving privilege shall be stayed upon appeal of the conviction or order that resulted therein," the trial court ordered the Department to stay the five year driver license revocation pending appeal. The trial court then certified this question of great public importance.
Driving is not a right, and as with many other activities, the government has the power to regulate the privilege to drive subject to the condition that the licensee will perform the activity safely and competently. See Thornhill v. Kirkman, 62 So.2d 740 (Fla. 1953). This includes the power to revoke or suspend a license if the licensee fails to comply with certain conditions and fails to act responsibly. See Drivers' Licenses, Chapter 322, Florida Statutes (1995).
Driving under the influence of alcohol seriously threatens public health and safety.[1] In response to this threat, the legislature enacted Section 322.26(2) which imposes a duty upon the Department to suspend the driver's license of any person convicted of DUI in order to protect the public from potentially dangerous drivers.[2] In Section 322.28(6), the *1095 legislature further provided that once the Department issued an administrative suspension/ revocation, the suspension/revocation cannot be stayed upon an appeal of the conviction or order that resulted therein.[3]
The question before us is whether the Department's mandatory duty can be stayed by a court pending the outcome of an appeal from the adjudication of guilt. The answer initially turns on the meaning of "conviction" as used in the statute.
Section 322.01(10) defines "conviction" as "a conviction of an offense relating to the operation of motor vehicles on highways which is a violation of this chapter...." Degrossi contends "conviction" as used in Sections 322.26(2) and 322.28(6), refers to the final judgment after appeal and thus the Department lacked the authority to suspend his license pending the final outcome on appeal. We disagree.
Rejecting the temptation to engage in a lengthy legalistic or semantical dialogue as to the meaning of the word "conviction," suffice it to say that the term is susceptible of different interpretations depending upon the context in which it is used. See Johnson v. State, 664 So.2d 986 (Fla. 4th DCA 1995), approved in part, 668 So.2d 194 (Fla.1996); Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988); Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985). Here, given the procedural framework established by the legislature requiring the Department to compel surrender of a license to protect the public safety, we conclude that the legislature intended the adjudication of guilt in the trial court to constitute a conviction triggering mandatory suspension.
An appeal only serves to suspend operation of the judgment under these circumstances and neither annuls nor wipes out the fact that a determination of guilt has been made, and hence a "conviction" has been entered for purposes of the statute. See State v. Peterson, 667 So.2d 199 (Fla.1996); Stevens v. State, 409 So.2d 1051 (Fla.1982). It follows that the Department's duty is triggered upon the initial ascertainment of guilt, regardless of the fact that an appeal is sought thereafter. See Brown v. Board of Appeal on Motor Vehicle Liability Policies and Bonds, 389 Mass. 599, 451 N.E.2d 429 (1983); State v. Dickert, 260 S.C. 490, 197 S.E.2d 89 (1973); Parker v. State Highway Dept., 224 S.C. 263, 78 S.E.2d 382 (1953).
Having established that the Department's duty is triggered by the initial judgment of guilt, we next address the trial court's authority to stay the revocation. A trial court has inherent authority to stay litigation pending appellate review. Loeb v. State, 387 So.2d 433 (Fla. 3d DCA 1980). This authority is not disrupted by Section 322.28(6) because revocation of a driver's license is an administrative remedy which is separate and apart from the sentence imposed for the criminal conviction. See City of Cleveland Heights v. Murphy, 74 Ohio Misc.2d 29, 658 N.E.2d 350 (1995); Parker v. State, 78 S.E.2d at 382.
Simply, the trial court lacks jurisdiction to stay an administrative revocation which is not part of the punishment involved in the criminal conviction.[4] Because driving *1096 is a privilege, it follows that revocation of that privilege does not constitute punishment. Rather, the revocation or suspension of this conditional privilege merely returns the parties to their prior non-privileged status. Since mandatory suspension is not a criminal penalty, but instead a civil sanction unrelated to an appeal of the criminal conviction, the trial court does not have jurisdiction to enter a stay. See Commonwealth of Pennsylvania v. Wolf, 534 Pa. 283, 632 A.2d 864 (1993).
In the interest of public safety, the legislature provided for a statutory scheme to protect the public from individuals with multiple DUI convictions by immediately denying them the privilege to drive. This statutory scheme would be circumvented if potentially dangerous drivers were allowed the continued privilege to drive by simply filing a notice of appeal. The risk to an individual of an erroneous suspension is far outweighed by the state's compelling interest in removing intoxicated drivers from public roadways.
Because Sections 322.26(2) and 322.28(6) must be construed in accordance with the legislative intent to ensure safe roadways and protecting the public from intoxicated drivers, we reverse the trial court's stay of the license suspension. See State v. Rowell, 669 So.2d 1089 (Fla. 2d DCA 1996) (trial court cannot circumvent mandatory requirements of license suspension by withholding adjudication in DUI case). Accordingly, we answer the certified question in the affirmative holding that the trial court does not have the authority to stay an administrative license suspension pending appeal, where the legislature has enacted a specific statutory scheme providing for an administrative remedy to protect the citizens of Florida from dangerous drivers.
Certified question answered in the affirmative; reversed and remanded to vacate stay.
NOTES
[1] In 1995, alcohol contributed to 24,873 crashes and 1,073 fatalities in the state of Florida. Florida Department of Highway Safety and Motor Vehicles, Traffic Crash Facts 22 (1995).
[2] The legislative intent in enacting the driver license laws is to provide maximum safety for all persons who travel by discouraging repetition of criminal action through denying "the privilege of operating motor vehicles on public highways to persons who, by their conduct and record, have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the state and the orders of the state courts and administrative agencies." § 322.263, Fla.Stat. (1995). See Keith v. Capers, 362 So.2d 130 (Fla. 3d DCA 1978), cert. denied, 368 So.2d 1363 (Fla.1979).
[3] Section 322.28(6) specifically provides: "No administrative suspension of a driving privilege under s. 322.2615 shall be stayed upon a request for review of the departmental order that resulted in such suspension and, except as provided in former s. 322.261, no suspension or revocation of a driving privilege shall be stayed upon appeal of the conviction or order that resulted therein."
[4] We recognize that other state courts have applied different analyses in reaching alternate conclusions. See Commonwealth v. Yameen, 401 Mass. 331, 516 N.E.2d 1149 (1987), cert. denied, 486 U.S. 1008, 108 S.Ct. 1735, 100 L.Ed.2d 198 (1988)(ordinance providing that no appeal operates to stay revocation of license did not divest judiciary of power to grant discretionary stay in the absence of clearer legislative intent to contrary); State ex rel. Director of Revenue, State of Mo. v. Gabbert, 925 S.W.2d 838 (Mo.1996) (motorist not entitled to stay because failed to establish probability of success on merits; court declined to address subject matter jurisdiction and separation of powers arguments); State v. Baker, 70 Ohio Misc.2d 49, 650 N.E.2d 1376 (Ohio Mun.1995) (statute precluding court from granting stay of administrative license suspension pending appeal held unconstitutional as violating separation of powers), cf. City of Cleveland Heights v. Murphy, 658 N.E.2d at 350 (acknowledging license suspension is separate remedial proceeding from criminal prosecution). We disagree with the reasoning in these cases which does not affect our interpretation of the clear legislative intent enunciated in Section 322.263, and Florida's strong public policy in preventing motor vehicle crashes caused by alcohol impaired drivers.