POLEN, Judge.
The Department of Highway Safety and Motor Vehicles (DHSMV) appeals from a final order requiring it to issue a hardship license for medical purposes to the defendant, James F. Sinclair. We reverse.
In the order requiring DHSMV to issue the hardship license, the trial court certified the following question of great public importance:
Does a county court judge have the authority to issue a hardship license for medical purposes only to a defendant who has *231 been convicted twice for DUI within five years, who has not fulfilled the requirements of Section 322.271(2)(b), Florida Statutes (1995), including enrolling in a DUI supervision program and receiving a favorable evaluation, and who has a serious, life threatening illness which requires medical care?
We answer this question in the negative. Rather, we agree with DHSMV that in accordance with section 322.271(2)(b), Florida Statutes (1995), it retains the sole authority to issue a hardship license. This statutory section provides:
A person whose license has been revoked for a period of 5 years or less pursuant to Sec. 322.28(2)(a) may, upon the expiration of 12 months after the date said revocation was imposed, petition the department for reinstatement of his or her driving privilege on a restricted basis.... In addition, the department shall require such persons upon reinstatement to have not driven and to have been drug free for at least 12 months immediately prior to such reinstatement, to be supervised by a DUI program licensed by the department, and to report to the program at least three times a year as required by the program for the duration of the revocation period for supervision. Such supervision shall include evaluation, education, referral into treatment, and other activities required by the department. Such persons shall assume reasonable costs of supervision. If such person fails to comply with the required supervision, the program shall report the failure to the department, and the department shall cancel such person’s driving privilege. This paragraph does not apply to any person whose driving privilege has been permanently revoked.
Based on the above statutory language, it was up to Sinclair to petition DHSMV for a hardship license. DHSMV is authorized to issue such a license under 322.271(l)(c) which allows DHSMV to issue a business purposes only hardship license for various reasons including medical purposes. In addition, section 322.271(2)(b), limits a hardship reinstatement for drivers convicted twice of DUI within five years to those who have served one year of a revocation term, enrolled in a DUI supervision program and received a favorable evaluation. If these circumstances are met, and DHSMV does not issue a hardship license, then remedy could be sought by way of a petition for writ of certiorari to the circuit court. Accordingly, we reverse in accordance with the above statutes because it is up to DHSMV to issue a hardship license after certain conditions precedent are met.
GUNTHER and FARMER, JJ., concur.