709 So.2d 179 (1998)
DEPARTMENT OF SAFETY, etc., Petitioner,
v.
Sally C. STOCKMAN, Respondent.
No. 98-164.
District Court of Appeal of Florida, Fifth District.
April 3, 1998.
Rehearing Denied May 11, 1998.
*180 Enoch J. Whitney, General Counsel, and Heather Rose Cramer and Rafael Centurion, Assistant Generals Counsel, West Palm Beach, for Petitioner.
Flem K. Whited, III and Dan D. Hallenberg, Daytona Beach, for Respondent.
W. SHARP, Judge.
The Department of Highway Safety and Motor Vehicles (the Department) seeks review of the circuit court order, which stayed Respondent Sally Stockman's driver's license suspension during the circuit court's certiorari review of the suspension.[1] We construe the Department's notice of appeal from the suspension order as a petition for writ of certiorari,[2] and we deny the writ.
This is a case of first impression which poses the issue of whether a circuit court has the authority to stay the administrative suspension of a driver's license, pending certiorari review by the circuit court. The Department argues that section 322.2615(13) and section 322.272 prohibit the circuit court from staying the suspension order, pending certiorari review. Section 322.2615(13) states that "an appeal shall not stay the suspension," and section 322.272 provides "[t]he filing of a petition for certiorari to the circuit court does not itself stay the enforcement of the suspension, revocation, or cancellation of license. However, the department may order a stay of the enforcement upon appropriate terms and conditions." Further, section 322.28(6) provides that no administrative suspension of a driving privilege shall be stayed upon request for review of the departmental order and no suspension or revocation shall be stayed "upon an appeal of the conviction or order that resulted therein." (emphasis added).
Initially, we do not think the statutes are controlling in this case. They simply provide that there is no automatic stay pending an appeal or review of the Department's administrative order suspending or revoking a license. A discretionary stay is not prohibited.[3] However, in cases involving the appeal of a conviction or order that caused the suspension or revocation, suspension and revocation of such administrative orders are apparently barred by section 322.28(6). State, Dept. of Highway Safety and Motor Vehicles v. Degrossi, 680 So.2d 1093 (Fla. 3d DCA 1996). This case involves review of the administrative order itself.
In such a case, we think the circuit court, as the direct reviewing court, has the inherent power and discretion to suspend the administrative order, pending certiorari review.[4] Further, Florida Rule of Appellate Procedure 9.310 gives the circuit court, while in the process of certiorari review of the order, power to suspend its effect. Any conflict between statutes and rules regarding court procedure must of course be resolved in favor of the rules. City of Jacksonville Beach v. Public Employees Relations Commission, 359 So.2d 578 (Fla. 1st DCA 1978), cert. denied, 374 So.2d 98 (Fla.1979); School Board of Hillsborough County v. Lara, 667 So.2d 368 (Fla. 1st DCA 1995).
Were the circuit court not accorded discretionary power to stay the administrative order under review, review of such orders would likely be meaningless. For example, in this case, Stockman's license was suspended for six months. If this order could not be stayed pending review, the suspension time, or a great deal of it, would likely run before *181 the circuit court ruled on the petition for certiorari review. We do not think the Legislature intended to provide for a useless remedy; i.e., certiorari review in the circuit court.
Our jurisdiction in this super-certiorari review of the suspension order is limited. Although we might disagree as to whether a stay should have been granted by the circuit court, we think the Department failed to establish an abuse of discretion or departure from the essential requirements of the law. Thus, we deny the writ.
Petition for Writ of Certiorari DENIED.
DAUKSCH and GOSHORN, JJ., concur.
NOTES
[1] Pursuant to section 322.2615(13), Fla. Stat. (1996) (review of such administrative orders is via a petition for certiorari in the circuit court).
[2] Fla. R.App. P. 9.040(c)
[3] See Commonwealth v. Yameen, 401 Mass. 331, 516 N.E.2d 1149 (1987).
[4] See State v. Hochhausler, 76 Ohio St.3d 455, 668 N.E.2d 457(1996).