W. SHARP, Judge.
The Florida Department of Highway Safety and Motor Vehicles, Division of Drivers Licenses (Department) appeals from an order of the circuit court which granted Parsons’ motion for a temporary injunction and required the Department to allow Parsons to apply for and receive a hardship or business/employment license, provided she is otherwise eligible, pending the circuit court’s review of the license suspension. We have jurisdiction.[1] We reverse.
Parsons was arrested for driving under the influence of alcohol,[2] and she refused to take a breath test. Ultimately her driver’s license was suspended for one year, after a hearing was held by the Department. She applied to the circuit court for a protective order, contending she should be eligible for a hardship license (employment or business purposes) even though she had refused to take a breath test. Section 322.271 provides that such hardship license is not available to persons refusing to take a breath test until 90 days have elapsed after expiration of a 30-day temporary driver’s permit. She also sought review of the license suspension by petitioning for certiorari review in the circuit court, pursuant to section 322.31[3] and 322.2615(13).[4]
The order of the circuit court under review here suspended or stayed the effect of section 322.271 pending its handling of the cer-tiorari appeal and required the Department to grant Parsons a hardship license in this interim period if she was otherwise eligible; ie., if she is not a habitual traffic offender pursuant to section 322.27(5).
This court has held in Department of Safety v. Stockman, 709 So.2d 179 (Fla. 5th DCA 1998) that in cases involving the review or appeal of the Department’s administrative order suspending or revoking a driver’s license, there is no automatic stay pending completion of the review process by the circuit court. However, we also held that the reviewing court has inherent power and discretion to suspend the administrative order pending certiorari review. The rationale for our holding was that if the circuit court does not have this discretionary power, review of such administrative orders would be meaningless because the times of suspension would likely have passed by the time the circuit court could act on the case.
However, the circuit court sitting in its appellate capacity does not have the power or authority to order the Department to issue a hardship license for Parsons. Department of Highway Safety and Motor Vehicles v. Sin *341 clair, 697 So.2d 230 (Fla. 4th DCA 1997). The circuit court’s power to issue an injunction is derived from Florida Rules of Civil Procedure 1.550(b) and 1.610(a) when the court is sitting in its capacity as a trial court.
Accordingly, we quash the portion of the order under review, which requires the Department to permit Parsons to apply for and receive a hardship or business/employment purposes license. We remand for further proceedings, without prejudice to Parsons to seek a stay of the license suspension, pending the circuit court’s certiorari review of the case below. Stockman.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.

. Florida Rules of Appellate Procedure 9.030(b)(1)(B) and 9.130(a)(3)(B).

. § 316.193, Fla. Slat. (1997).

. Section 322.31 provides:
Right of review.' — The final orders and rulings of the department wherein any person is denied a license, or where such license has been canceled, suspended, or revoked, shall be reviewable in the manner and within the time provided by the Florida Rules of Appellate Procedure only by a writ of certiorari issued by the circuit court in the county wherein such person shall reside, in the manner prescribed by the Florida Rules of Appellate Procedure, any provision in chapter 120 to the contrary notwithstanding, (emphasis added)

.Section 322.2615(10)(a) provides:
A person whose driver’s license is suspended under subsection (1) or subsection (3) may apply for issuance of a license for business or employment purposes only if the person is otherwise eligible for the driving privilege pursuant to s. 322.271.
(a) If the suspension of the driver's license of the per for failure to submit to a breath, urine, or blood lest is sustained, the person is not eligible to receive a license for business or employment purposes only, pursuant to s. 322.271, until 90 days have elapsed after the expiration of the 30-day temporary permit issued pursuant to this section....