736 So.2d 1249 (1999)
William Scott LARCHER, et al., Petitioners,
v.
DEPARTMENT OF HIGHWAY SAFETY & MOTOR VEHICLES, STATE OF FLORIDA, Respondent.
No. 99-992.
District Court of Appeal of Florida, Fifth District.
July 2, 1999.
Robert R. Berry, Esq., Eisenmenger & Berry, P.A., Melbourne, for Petitioner.
Enoch J. Whitney, General Counsel, Tallahassee, and Heather Rose Cramer, Assistant General Counsel, West Palm Beach, for Respondent.
PER CURIAM.
Petitioners William S. Larcher, Velma L. Betty and Jacques Lawlor seek certiorari review of the circuit court's order denying their petition for writ of prohibition. We elect to treat their petition as a direct appeal, see Guzzetta v. Hamrick, 656 So.2d 1327 (Fla. 5th DCA), rev. den., 663 So.2d 630 (Fla.1995), and affirm.
Petitioners all pled no contest to DUI in the county court, reserving the right to challenge the denial of their motions to suppress breath tests. The county court entered orders staying the imposition of petitioners' sentences and the suspension *1250 of their driving privileges pending their appeals to the circuit court. Copies of the stay orders were sent to the Florida Department of Highway Safety and Motor Vehicles. The Department issued orders suspending petitioners' driving privileges notwithstanding the county court's stay orders. Petitioners then filed a petition for writ of prohibition in the circuit court. After a hearing, the circuit court denied the petition on authority of State Dep't of Highway Safety & Motor Vehicles v. Degrossi, 680 So.2d 1093 (Fla. 3d DCA 1996). Petitioners now seek review of the circuit court's order in this court.
At the onset we observe that prohibition would not have been the proper remedy for petitioners. Prohibition is preventive, not corrective, and may not be used to undo what has already been done. See State ex rel. Dep't of Health & Rehabilitative Servs. v. Upchurch, 394 So.2d 577 (Fla. 5th DCA 1981). As indicated, the Department had already issued orders suspending petitioners' driving privileges.
In any event, on the merits we conclude that the Department properly suspended petitioners' driving privileges. Degrossi, relied upon by the circuit court and the Department, is virtually indistinguishable from the instant case. In Degrossi, the defendant therein pled no contest to DUI and reserved his right to appeal the denial of his motion to dismiss the DUI charge. Although the county court convicted him of DUI, it granted his motion to stay the conviction and sentence pending his appeal from the denial of the motion to dismiss. The Department, upon receiving notice of the conviction, sent defendant an order of license revocation, suspension or cancellation pursuant to section 322.26(2), Florida Statutes (1995), which mandates that the Department revoke the license of any individual convicted of DUI.
The county court then granted defendant's motion to stay the revocation and issued a rule to show cause when the Department failed to comply with the stay order. Even though section 322.28(6) states that "no suspension or revocation of a driving privilege shall be stayed upon appeal of the conviction or order that resulted therein," the trial court ordered the Department to stay the driver license revocation pending appeal, though certifying a question of great public importance to the Third District.
The Third District in Degrossi reversed the county court and remanded to vacate the stay. Degrossi noted that section 322.26(2) imposes a duty upon the Department to suspend the driver's license of any person convicted of DUI to protect the public from potentially dangerous drivers and that section 322.28(6) provides that "no suspension or revocation of a driving privilege shall be stayed upon appeal of the conviction or order that resulted therein." Degrossi concluded that the county court as trial court lacked jurisdiction to stay an administrative revocation that is not part of the punishment involved in the criminal conviction. Degrossi reasoned that because driving is a privilege, revocation of that privilege does not involve punishment but merely returns the parties to their prior non-privileged status.
To be sure, this court in Department of Highway Safety & Motor Vehicles v. Stockman, 709 So.2d 179 (Fla. 5th DCA 1998) held that the circuit court, as the direct reviewing court, has the inherent power and discretion to suspend a Department administrative order suspending defendant's driver's license pending certiorari review of that administrative order. In Stockman, the defendant was seeking in the circuit court certiorari review of the Department order suspending her driver's license itself. For support, Stockman looked to Florida Rule of Appellate Procedure 9.310, which gives the circuit court, while in the process of certiorari review of the order, power to suspend its effect. Stockman reasoned that any conflict between statutes and rules with regard to court procedure must be resolved in favor of the rules.
*1251 Significantly, Stockman drew a distinction between the type of review before it and that involved in Degrossi. Stockman acknowledged the holding in Degrossi that in cases involving the appeal of a conviction that caused the license suspension, a stay of the license suspension is barred by section 322.28(6). Stockman stressed, however, that unlike the situation in Degrossi it was concerned with review of the administrative order itself.
Petitioners acknowledge that Degrossi appears to control, but urges that there is no "logical or statutory difference" between the suspension of one's driving privilege in an administrative situation and suspension in a criminal case. Petitioners urge that the "same logic and statutory analysis" that compelled the result in Stockman should control in the instant case.
We do not agree with petitioners' position. As indicated, this court in Stockman was well aware of Degrossi and took pains to distinguish it. The instant facts and procedural circumstances are plainly more analogous to those in Degrossi than in Stockman. Like the defendant in Degrossi, petitioners in the instant case pled no contest to the criminal offense of DUI, reserved an issue for appeal to the circuit court, and sought stays of their driving license suspensions while their DUI appeal was pending in the circuit court. Also like the defendant in Degrossi, petitioners' licenses were suspended automatically by operation of law by the Department, pursuant to section 322.26(2), as a result of the convictions. Under the logic of Degrossi, the county court in the instant case lacked jurisdiction to stay the suspensions, which occurred automatically but were otherwise not part of the punishment involved in petitioners' criminal convictions.
In contrast, in Stockman, the petitioner's license therein was not suspended automatically as the result of a DUI conviction pursuant to section 322.26(2), but rather as the result of Department administrative proceedings, for which a conviction is not necessary. Also, it was the Department administrative order itself that was being reviewed in the circuit court, so plainly the circuit court, as the direct reviewing court, had the jurisdiction, discretion and inherent power to stay the effect of an order that it was reviewing.
In short, Stockman does not apply to the instant facts and circumstances. The circuit court correctly denied relief on authority of Degrossi.
AFFIRMED.
DAUKSCH, COBB and GRIFFIN, JJ. concur.