PETERSON, J.
Paul Anderson petitions for a writ of certiorari that would order the circuit court to stay the suspension of his driving privileges. The suspension followed his refusal to submit to a breath, blood or urine test pursuant to subsection 322.2615(l)(a), Florida Statutes (1999). When he first appealed the suspension to *750 the Department of Highway Safety and Motor Vehicles, the suspension was sustained. Next, he petitioned for a writ of certiorari in the circuit court where he requested a stay of the suspension alleging that subsection (5) of section 322.28, Florida Statutes (1999), recently added to the Florida Statutes [1] is unconstitutional. Subsection 322.28(5) provides:
A court may not stay the administrative suspension of a driving privilege under s. 322.2615 or s. 322.2616 during judicial review of the departmental order that resulted in such suspension and a suspension or revocation of a driving privilege may not be stayed upon an appeal of the conviction or order that resulted in the suspension or revocation.
The circuit court upheld the constitutionality of subsection 322.28(5) and denied Anderson’s motion to stay the suspension. We agree with the circuit court’s conclusion that the statute is constitutional and deny the petition for certiorari.
Prior to the amendment of section 322.28 that added subsection (5), this court, in Department of Safety v. Stockman, 709 So.2d 179 (Fla. 5th DCA 1998), concluded that a judicial stay of a license suspension was appropriate when the administrative order causing the suspension was being reviewed. Stockman relied upon the inherent power and discretion of courts to suspend an administrative order pending certiorari review and also upon the relief available pursuant to Rule 9.310, Florida Rules of Appellate Procedure. Stockman further noted that any conflict between the statute and rules regarding court procedure must be resolved in favor of the rules. See also, Larcher v. Department of Highway Safety & Motor Vehicles, 736 So.2d 1249 (Fla. 5th DCA 1999).
We conclude that any conflict that did exist between the rules and the controlling statutes has now been rectified by the 1999 amendment to section 322.28. Rule 9.310(a), provides for stays pending appellate review but allows a general law to prevail over the rule. Subsection 322.28(5) is a “valid general law” and prevails over Rule 9.310(a) by prohibiting a stay. There is no conflict between the rule and the statute and the circuit court was correct in determining that it had no authority to issue the stay.
WRIT DENIED.
DAUKSCH and COBB, JJ., concur.

. Ch. 99-248, § 45, Laws of Fla.