WOLF, J.
The Department of Highway Safety and Motor Vehicles (DHSMV) seeks certiorari review in four cases where the circuit court entered stays of driver’s license suspensions pending appellate review of the suspensions. We find that the circuit court’s orders violate section 322.28(5), Florida Statutes (1999), and thus, the orders depart from the essential requirements of law. We, therefore, grant DHSMV’s petitions for certiorari and quash the orders under review.
All respondents had been arrested for violating section 316.193, Florida Statutes, the DUI statute, and had their driver’s licenses suspended pursuant to section 322.2615. Following formal administrative hearings at which the testimony and reports of law enforcement officers were presented, the hearing officer in each case determined that the suspensions would be upheld.
Each respondent filed a petition for writ of certiorari in the circuit court, seeking review of the administrative order suspending their driver’s license, and each also filed in circuit court a motion to stay the suspension pending certiorari review. In all four cases the circuit court entered an order granting a stay of the driver’s license suspension pending the outcome of the certiorari case in circuit court. It is the circuit court orders granting the stays which the DHSMV seeks to have reviewed by writ of certiorari in these cases.
Section 322.28(5), Florida Statutes (1999), specifically provides that a court may not stay the administrative suspension of a driver’s license during judicial review of the suspension. Three district courts of appeal have determined that cir *279 cuit court orders granting stays in these circumstances are in direct violation of the statute. See State Dep’t of Highway Safety & Motor Vehicles v. DeGrossi, 680 So.2d 1093 (Fla. 3d DCA 1996); Anderson v. Department of Highway Safety & Motor Vehicles, 751 So.2d 749 (Fla. 5th DCA 2000); and State Dep’t of Highway Safety & Motor Vehicles v. Peterson, 754 So.2d 156 (Fla. 2d DCA 2000).
Respondents argue that the question of whether to grant or deny a stay is a procedural matter to be governed by the rules of practice and procedure adopted by the supreme court under article V, section 2 of the Florida Constitution. See Wait v. Florida Power & Light Co., 372 So.2d 420, 423 (Fla.1979) (determining that, because “the granting of a stay ... is a step in the enforcement of a final judgment” and is concerned with the means and method of enforcing substantive rights, it falls within the definition of procedural law governed by the supreme court). Thus, respondents assert that the circuit court has discretion to grant a stay pursuant to rule 9.310, Florida Rules of Appellate Procedure, notwithstanding the statute. This argument has been rejected by the third district in DeGrossi and the fifth district in Anderson. In Anderson, the fifth district held that there was no conflict between Florida Rule of Appellate Procedure 9.310(a) and section 322.28, Florida Statutes, because the rule itself allows a general law to prevail over the rule. We agree with the result in Anderson, but we cannot accept the reasoning.
Rule 9.310(a) contains the language “except as provided by general law” as a reference to the legislature’s power to designate when and where a motion for stay must be filed, not as a reference to the authority and discretion of the court to grant a stay:
(a) Application. Except as provided by general law and in subdivision (b) of this rale, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both.
If the language in the rule relating to legislative power is read as a broad grant of authority to override the entire rale, it would mean that the supreme court has given the legislature total authority to determine when a stay may be granted in all circumstances. Such an expansive reading of the language in the rule would be inconsistent with the reasoning of the supreme court in Wait.
We are much more comfortable with the reasoning of the third district in DeGrossi, that the prohibition on granting stays adopted by the legislature may be upheld in this narrow area of the law. The third district in DeGrrossi based its decision on the fact that driving is a privilege, and its regulation is within the province of the legislature:
Simply, the trial court lacks jurisdiction to stay an administrative revocation which is not part of the punishment involved in the criminal conviction. Because driving is a privilege, it follows that revocation of that privilege does not constitute punishment. Rather, the revocation or suspension of this conditional privilege merely returns the parties to their prior non-privileged status. Since mandatory suspension is not a criminal penalty, but instead a civil sanction unrelated to an appeal of the criminal conviction, the trial court does not have jurisdiction to enter a stay.
Id. at 1095-1096 (footnote omitted).
We agree that the determination of whether a party may drive pending a decision related to the suspension of a driver’s license is a decision which may be made by the legislature.
KAHN and LAWRENCE, JJ., concur.