IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,
DEPARTMENT OF HIGHWAY
SAFETY AND MOTOR
VEHICLES,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-3961

      Petitioner,

v.

WALLACE PEACOCK,

      Respondent.

_____/

Opinion filed February 5, 2016.

Petition for Writ of Certiorari – Original Jurisdiction.

Stephen D. Hurm, General Counsel, and Jason Helfant, Senior Assistant General Counsel, Tallahassee, for Petitioner.

Eric T. Abrahamsen of Law Offices of Friedman, Frank & Abrahamsen, Tallahassee, for Respondent.

LEWIS, J.

Petitioner, the Department of Highway Safety and Motor Vehicles ("Department"), seeks certiorari review of the trial court's Order on Motion to Stay, arguing that the trial court departed from the essential requirements of law by staying Respondent's dismissal from a Special Supervision Services Program and the

cancellation of his hardship or restricted driver's license. For the following reasons, we deny the certiorari petition.

The Department permanently revoked the driving privilege of Respondent, Wallace Peacock, in 1992 as a result of various driving-under-the-influence offenses. In 2003, Respondent enrolled in a Special Supervision Services Program ("SSSP") at the North Florida Safety Council, Inc. ("Council"), through which he sought and received a hardship license. In 2015, Respondent was "cancelled" from the SSSP based upon his admission that he consumed two to three sips of his wife's wine and a review of his medical records which indicated that he had "occasionally" consumed alcohol. The Council informed the Department of the situation and requested the cancellation of Respondent's hardship license. Upon Respondent's appeal, the Fourteenth Judicial Circuit DUI Program agreed with the recommendation of cancellation. Respondent filed a certiorari petition with the trial court and moved to stay the order of dismissal from the SSSP. The trial court entered an Order on Motion to Stay, concluding that none of the statutes relied upon by the Department prohibited stays of a dismissal from an SSSP. Concerned, however, that the underlying "suspension" was related to DUI convictions and that there was an "allegation" of alcohol use while in the SSSP, the trial court ordered that Respondent consume no alcohol and wear a SCRAM unit to ensure that he abided by the condition. This proceeding followed.

The issue presented in this case is one of statutory interpretation. Legislative

2

intent is the polestar that guides a court's statutory construction analysis. <u>State, Dep't of Revenue v. Lockheed Martin Corp.</u>, 905 So. 2d 1017, 1020 (Fla. 1st DCA 2005). When a statute is clear, a court may not look behind the statute's plain language or resort to rules of statutory construction to determine legislative intent. <u>Id.</u> The Legislature is assumed to know the meaning of the words used in a statute and to have expressed its intent through the use of the words. <u>Id.</u>

In granting the stay, the trial court relied in part on section 120.68(3), Florida Statutes (2015), which provides:

> The filing of the petition does not itself stay enforcement of the agency decision, but if the agency decision has the effect of suspending or revoking a license, supersedeas shall be granted as a matter of right upon such conditions as are reasonable, unless the court, upon petition of the agency, determines that a supersedeas would constitute a probable danger to the health, safety, or welfare of the state. . . . In any event the court shall specify the conditions, if any, upon which the stay or supersedeas is granted.

The trial court also relied upon Florida Rule of Appellate Procedure 9.190(e)(2)(C), which provides in part that "[w]hen an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the court a motion for stay on an expedited basis."

The Department relies upon sections 322.271(5)(c) and 322.28(5), Florida Statutes (2015), in support of its argument that the trial court lacked authority to stay Respondent's dismissal from the SSSP and the cancellation of his hardship license. Section 322.271 is entitled "Authority to modify revocation, cancellation, or

3

suspension order." Subsection (5) of the statute provides in part:

> [A] person whose driving privilege has been permanently revoked because he or she has been convicted four or more times of violating s. 316.193 [addressing DUI offenses] or former s. 316.1931 may, upon the expiration of 5 years after the date of the last conviction . . . petition the department for reinstatement of his or her driving privilege.

§ 322.271(5), Fla. Stat. (2015). The Department may "reinstate" a "petitioner's driver license." § 322.271(5)(b), Fla. Stat. (2015). One of the reinstatement qualifications is that the "petitioner must be supervised by a DUI program licensed by the department . . . ." § 322.271(5)(b)2., Fla. Stat. (2015). Supervision must include "evaluation, education, referral into treatment, and other activities required by the department." Id. Section 322.271(5)(c) provides, "The petitioner must assume the reasonable costs of supervision. **If the petitioner does not comply with the required supervision, the program shall report the failure to the department, and the department shall cancel such person's driving privilege**." (Emphasis added).

Section 322.28 is entitled "Period of suspension or revocation." The first four subsections of the statute detail those circumstances in which the Department must either suspend or revoke an individual's driver's license. Subsection (5) of the statute provides:

> A court may not stay the administrative suspension of a driving privilege under s. 322.2615 or s. 322.2616 during judicial review of the departmental order that resulted in such suspension, **and a suspension or revocation of a driving privilege may not be stayed upon an appeal of the conviction or order that resulted in the**

4

**suspension or revocation**.

§ 322.28(5), Fla. Stat. (2015) (emphasis added).

In addition to the foregoing statutes, the Department relies upon our opinion in State Department of Highway Safety & Motor Vehicles v. Begley, 776 So. 2d 278 (Fla. 1st DCA 2000). There, the Department sought certiorari review in four cases where the circuit court entered stays of driver's license suspensions pending appellate review of the suspensions. Id. at 278. We granted the certiorari petitions, finding that the orders departed from the essential requirements of law by violating section 322.28(5). Id. We explained that all the respondents had been arrested for violating section 316.193, the DUI statute, and had their licenses suspended pursuant to section 322.2615. Id. Following formal administrative hearings during which the testimony and reports of law enforcement officers were presented, the hearing officer in each case determined that the suspension would be upheld. Id. In each case, the circuit court entered an order granting a stay of the suspension pending the outcome of the certiorari case in circuit court. Id. We explained that section 322.28(5) "specifically provides that a court may not stay the administrative suspension of a driver's license during judicial review of the suspension" and that three other Florida appellate courts had determined that circuit court orders granting stays "in these circumstances" were in direct violation of the statute. Id. at 278-79. We noted the respondents' arguments that the question of whether to grant or deny a stay is a procedural matter to be governed by the "rules of practice and procedure"

5

adopted by the supreme court and that the circuit court has discretion to grant a stay pursuant to Florida Rule of Appellate Procedure 9.310. Id. at 279. We agreed, however, with the Third District's reasoning in State, Department of Highway Safety and Motor Vehicles v. DeGrossi, 680 So. 2d 1093 (Fla. 3d DCA 1996), that "the prohibition on granting stays adopted by the legislature may be upheld on the fact that driving is a privilege" and that "its regulation is within the province of the legislature." Id. We further agreed "that the determination of whether a party may drive pending a decision related to the suspension of a driver's license is a decision which may be made by the legislature." Id.; see also State, Dep't of Highway Safety & Motor Vehicles v. Peterson, 754 So. 2d 156, 156-57 (Fla. 2d DCA 2000) (granting the Department's certiorari petition and holding that the order staying the suspension of the respondent's driver's license, which was suspended for one year for refusing to submit to a blood, breath, or urine test pursuant to section 322.2615, violated section 322.28(5)); Dep't of Highway Safety & Motor Vehicles v. Olivie, 753 So. 2d 593, 593 (Fla. 3d DCA 2000) (noting that the respondent's driver's license was suspended for one year for refusing to submit to a blood, breath, or urine test pursuant to section 322.2615 and granting the petition for certiorari on the ground that the circuit court erred by entering an order staying the respondent's driver's license suspension pending the outcome of the certiorari review); Anderson v. Dep't of Highway Safety & Motor Vehicles, 751 So. 2d 749, 749-50 (Fla. 5th DCA 2000) (holding that the circuit court was correct in determining that it had no authority

6

pursuant to rule 9.310 to issue a stay of the suspension of the petitioner's driver's license, which occurred after he refused to submit to a breath, blood, or urine test, given the 1999 amendment to section 322.28 prohibiting stays).

We find the Department's reliance upon Begley misplaced as this case does not involve section 322.2615. As for section 322.28(5), that statute does not expressly apply to hardship or restricted licenses and participation in and dismissal from DUI programs. Nor does it cite to section 322.271 as it does sections 322.2615 and 322.2616. We note also that section 322.28(5) speaks to the revocation and suspension of a person's driving privilege, not the cancellation of such as does section 322.271(5)(c). While section 322.271(5)(d) provides that the department shall *revoke* a person's driving privilege if the person, after license reinstatement, is convicted of an offense for which mandatory revocation is required, this case involves subsection (5)(c) and the *cancellation* of a hardship license. We also find it significant that section 322.271 does not expressly prohibit stays as do section 322.28(5) and other statutes in chapter 322. See § 322.2615(13), Fla. Stat. (2015) (providing for an appeal of any decision of the Department sustaining a suspension of a person's driver's license by petition for writ of certiorari but setting forth that "an appeal shall not stay the suspension"); § 322.2616(14), Fla. Stat (2015) (providing that a person may appeal any decision of the Department sustaining a suspension of his or her driver's license by certiorari petition but that "an appeal does not stay the suspension"). "When the legislature has used a term . . . in one

7

section of the statute but omits it in another section of the same statute, we will not imply it where it has been excluded." Leisure Resorts, Inc. v. Frank J. Rooney, Inc., 654 So. 2d 911, 914 (Fla. 1995). While the issue in this case involves two different statutory provisions contained in the same act instead of two different subsections within the same statute, the fact remains that section 322.271 contains no express prohibition on a stay of a dismissal from a DUI program and a cancelled hardship or restricted license upon an appeal or review proceeding.

Based upon the foregoing, we conclude that the trial court did not depart from the essential requirements of the law in issuing a stay. In reaching our conclusion, we are mindful that chapter 322 "shall be liberally construed to the end that the greatest force and effect may be given to its provisions for the promotion of public safety." § 322.42, Fla. Stat. (2015). However, we may not add words to section 322.271 that were not included therein by the Legislature, and we decline to apply section 322.28(5) to the dismissal from a DUI program and cancellation of a hardship license for the reasons stated herein. See Caceres v. Sedano's Supermarkets, 138 So. 3d 1224, 1225 (Fla. 1st DCA 2014) ("[C]ourts are not at liberty to add words to statutes that were not placed there by the Legislature."). Accordingly, we deny the Department's certiorari petition.

DENIED.

WETHERELL and BILBREY, JJ., CONCUR.

8