465 So.2d 639 (1985)
Thomas C. WHEELER, Appellant,
v.
STATE of Florida, Appellee.
No. 84-882.
District Court of Appeal of Florida, Second District.
March 22, 1985.
*640 Thomas C. Wheeler, pro se.
Jim Smith, Atty. Gen., Tallahassee and Theda James Davis, Asst. Atty., Gen., Tampa, for appellee.
RYDER, Chief Judge.
Thomas C. Wheeler, pro se, appeals from a plea of nolo contendere in which he specifically reserved the right to appeal the trial court's denial of his motion to dismiss.
In 1982, appellant was convicted on a cocaine possession charge. He filed a supersedeas bond and appealed the conviction. In March of 1983, the state charged appellant with carrying a concealed firearm, possession of a firearm by a convicted felon and discharging a firearm in public. In his motion to dismiss, appellant alleged that he could not be charged with possession of a firearm by a convicted felon because the charge was based upon a prior felony conviction which was still pending on appeal and, therefore, he was not a felon for purposes of conviction under section 790.23, Florida Statutes (1981). The court denied the motion. Appellant then entered a plea of nolo contendere and specifically reserved the right to appeal the denial of his motion to dismiss. Appellant's cocaine possession conviction was affirmed by this court on June 17, 1983. Wheeler v. State, 436 So.2d 114 (Fla. 2d DCA 1983).
At the time the court considered appellant's motion to dismiss, his conviction had not yet been affirmed by the appellate court. A conviction is not final and cannot be relied upon to convict a subsequent felony offender until the appellate court affirms the conviction. Joyner v. State, 158 Fla. 806, 30 So.2d 304, 305 (1947). The trial court should have dismissed the possession of a firearm by a convicted felon charge. Cf. State v. Villafane, 444 So.2d 71, 72 (Fla. 4th DCA 1984); Coleman v. State, 281 So.2d 226, 227 (Fla. 2d DCA 1973). Consequently, we reverse the trial court and set aside the judgment and sentence on the charge of felonious possession of a firearm.
DANAHY and SCHOONOVER, JJ., concur.