597 So.2d 384 (1992)
David Allen SNYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 91-01018.
District Court of Appeal of Florida, Second District.
April 17, 1992.
James Marion Moorman, Public Defender, and David Alan Snyder, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
David Snyder, a juvenile who was sentenced as an adult, appeals his judgment and sentence for grand theft. We affirm the conviction but remand to the trial court to delete one adjudication and to conduct a restitution hearing.
Snyder pleaded no contest to grand theft. Pursuant to a negotiated plea agreement, the trial court adjudicated him guilty of grand theft, withheld the imposition of sentence, *385 and placed Snyder on probation for a period of five years. That evening Snyder violated his probation. Following a violation of probation hearing, the trial court revoked Snyder's probation, again adjudicated him guilty of grand theft, and sentenced him to three and one-half years' incarceration.
Snyder argues that the initial sentence of five years' probation is illegal because the trial court did not make the required written findings under chapter 39, Florida Statutes (1989), to sentence him as an adult. However, this court, in Davis v. State, 528 So.2d 521, 522 (Fla. 2d DCA), review denied, 536 So.2d 243 (Fla. 1988), held that "the need for such written reasons has been obviated" when the adjudication is entered pursuant to a plea agreement. Moreover, Snyder's attorney expressly waived the required findings under chapter 39. Thus, we conclude that Snyder's sentence is not illegal.
The state concedes that the trial court erred in adjudicating Snyder guilty twice for the same offense. On remand, the trial court is to vacate the second adjudication. See Phillips v. State, 582 So.2d 181 (Fla. 4th DCA 1991).
As to restitution, the original judgment states, "FINE OF $5.25. RESTITUTION ORDERED WITHIN 2 YEARS." As a special condition of probation, the probation order stated that Snyder would, by February 7, 1993, pay restitution to the victim "[i]n an amount to be determined at a restitution hearing and set forth in a modification order." Our record does not reflect that the trial court has established the amount of the restitution. Although the record indicates that the trial court intended Snyder's probation officer to establish the amount of restitution, the amount of restitution must be determined by the trial court, and the trial court cannot delegate this duty to a probation officer. See Nathan v. State, 520 So.2d 317 (Fla. 2d DCA 1988); Perry v. State, 513 So.2d 254 (Fla. 2d DCA 1987).
The state argues that the issue of restitution is moot because the trial court revoked Snyder's probation and the trial court did not order Snyder to pay restitution in the sentence. We conclude, however, that the statutes require that a court shall order restitution to a victim who has suffered a loss, unless the court states on the record clear and compelling reasons for not ordering restitution. See § 775.089(1)(a) and (b), Fla. Stat. (1989). This record does not reflect that the trial court has withdrawn its final judgment which required restitution. Therefore, the trial court, upon remand, may establish the amount of restitution or provide reasons for not ordering restitution.
Based on the above, we affirm the conviction but remand to the trial court to delete the second grand theft adjudication and to resolve the matter of restitution.
DANAHY, A.C.J., and THREADGILL, J., concur.