DANAHY, Judge.
The appellant challenges his conviction 'for first degree felony murder and the restitution portion of his sentence for armed burglary of a dwelling. We find no merit in the appeal as to the conviction for first degree felony murder and affirm. We reverse the restitution portion of the sentence for armed burglary of a dwelling.
At sentencing, the trial court ordered that the appellant pay restitution as a special condition of his probation. The trial court stated:
The Court is going to require the Department of Corrections to make a determination as to the amount of the restitution. Once the amount of restitution has been determined and Mr. Barron has a dispute with the amount of the restitution, he can ask the Court for a restitution hearing and the Court will revisit the amount of the restitution and give Mr. Barron a chance to dispute the amount of the restitution.
The appellant argues that only the trial court may determine the amount of restitution, and it cannot delegate this responsibility to the Department of Corrections or any other nonjudicial officer. The state argues that the trial court did not improperly delegate its responsibility because the trial court reserved for itself the final determination of the amount of restitution and only the preliminary responsibility for determining the amount of restitution was delegated to the Department of Corrections. We have recently decided this issue contrary to the state’s position. Snyder v. State, 597 So.2d 384 (Fla. 2d DCA 1992). Based on Snyder, we remand to the trial court to establish the amount of restitution.
RYDER, A.C.J., and LEHAN, J., concur.