650 So.2d 1024 (1995)
David Allen SNYDER, Appellant,
v.
STATE of Florida, Appellee.
No. 93-00618.
District Court of Appeal of Florida, Second District.
January 27, 1995.
*1025 Gary R. Gossett, Jr., Sebring, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Helene S. Parnes, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Acting Chief Judge.
David Allen Snyder appeals his conviction for felon in possession of a firearm.[1] We reverse. This case is controlled by our opinion in Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985). We certify conflict with Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988).
In February 1991, Mr. Snyder was sentenced as an adult for grand theft. A few days after his initial sentencing hearing, he violated probation and was sentenced to 3 1/2 years' imprisonment. This sentence was apparently stayed pending appeal.
While the appeal was pending, Mr. Snyder was arrested on April 8, 1992, for firing a Colt AR-15 rifle in his backyard. Nine days after the shooting incident, this court affirmed Mr. Snyder's 1991 conviction and treatment as an adult, and remanded his case for correction of certain sentencing problems. Snyder v. State, 597 So.2d 384 (Fla. 2d DCA 1992).
In Wheeler, this court held that a person could not be charged as a felon in possession of a firearm while the predicate felony was pending on appeal. In Mr. Snyder's case, the trial court tried to distinguish Wheeler because Mr. Snyder had pleaded nolo contendere and had limited issues available for appeal. We conclude that this difference is not sufficient to distinguish this case from Wheeler.
The fact that Mr. Snyder pleaded nolo contendere did not assure that his conviction would be affirmed on appeal. Indeed, the trial court did not make adequate findings to treat Mr. Snyder as an adult. In our earlier opinion, we affirmed Mr. Snyder's conviction based on Davis v. State, 528 So.2d 521 (Fla. 2d DCA), review denied, 536 So.2d 243 (Fla. 1988). If the appeal had been resolved at a later time, we would have been forced to vacate the adult treatment of this offense. See Sirmons v. State, 620 So.2d 1249 (Fla. 1993). This is noteworthy because an adjudication in a juvenile delinquency proceeding cannot be used to support a charge of felon in possession of a firearm. J.B.M. v. State, 560 So.2d 347 (Fla. 5th DCA 1990).
In Burkett, the First District's majority opinion expressed strong disagreement with Wheeler. That court acknowledged conflict with Wheeler, even though it recognized that Burkett was arguably distinguishable because the defendant's conviction in Burkett had been affirmed a few days prior to his offense. The rule announced in Burkett *1026 makes a person a "felon" for purposes of this offense from the moment of adjudication without regard to an appeal. Thus, our holding today directly conflicts with the holding in Burkett.[2]
There is perhaps merit to both sides of this argument. We are not convinced, however, that we should encourage our colleagues to recede from Wheeler. We are troubled with the First District's reasoning because it could sometimes require a defendant to be incarcerated for a firearms offense before the successful conclusion of an appeal of the underlying offense.[3]See § 903.132, Fla. Stat. (1993) (no bail pending appeal for defendants with prior felony convictions). Moreover, in this case, if Mr. Snyder is presumed to know the law, he is presumed to have understood that, pursuant to Wheeler, he could lawfully possess a firearm pending review of his case in the Second District.
Reversed and remanded with instructions that the defendant be discharged.
BLUE and FULMER, JJ., concur.
NOTES
[1] § 790.23, Fla. Stat. (1991).
[2] Other courts have considered whether a person can be charged with felon in possession of a firearm while the predicate felony is on appeal. See Berg v. State, 711 P.2d 553 (Alaska Ct. App. 1985); State v. Bailey, 461 So.2d 336 (La. Ct. App. 1984). See also Reynolds v. State, 18 Ark. App. 193, 712 S.W.2d 329 (1986) (state law prohibits felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds). Recent federal cases in Florida have followed the reasoning of Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988), in the context of whether a withheld adjudication can serve as the underlying "conviction" for the federal counterpart to section 790.23. See United States v. Gispert, 864 F. Supp. 1193 (S.D.Fla. 1994); United States v. Lester, 785 F. Supp. 976 (S.D.Fla. 1991); United States v. Thompson, 756 F. Supp. 1492 (N.D.Fla. 1991). In Lewis v. United States, 445 U.S. 55, 60 n. 5, 100 S.Ct. 915, 918 n. 5, 63 L.Ed.2d 198 (1980), the Supreme Court noted in dicta that the federal counterpart would apply while the predicate felony was pending on appeal.
[3] On the other hand, the analysis in Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985), allows a sentenced felon to carry a firearm while his or her appeal is pending. For defendants who are on probation with a pending appeal, the Wheeler rule makes the firearms condition of probation a reasonable condition. Cf. Pagan v. State, 637 So.2d 959 (Fla. 2d DCA 1994) (defendant's special probation condition allowing him to possess firearm with probation officer's permission stricken).