664 So.2d 986 (1995)
Eric Roy JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2891.
District Court of Appeal of Florida, Fourth District.
September 20, 1995.
*987 Richard L. Jorandby, Public Defender, and Mallorye G. Cunningham, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Edward L. Giles, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988), the first district held that a defendant is "convicted" for purposes of section 790.23, Florida Statutes (possession of a firearm by a convicted felon) when he is adjudicated guilty in the trial court, notwithstanding a pending appeal of that conviction. Burkett specifically declined to address the question of whether a conviction for possession of a firearm by a convicted felon could stand where the predicate conviction was overturned on appeal. This case presents that very question. We hold that the conviction cannot stand, and the trial court should have vacated the conviction upon the motion for post-conviction relief.
The appellant was tried and convicted of battery upon two police officers on March 25, 1992. He appealed the conviction to this court. During the pendency of the appeal, the appellant was arrested for possession of a firearm by a convicted felon and one count of possession of cocaine. On September 27, 1993, the appellant pled nolo contendere to the possession of the firearm, and the state nolle prossed the possession of cocaine charge. On October 21, 1993, the trial court withheld adjudication on the charge of possession of a firearm by a convicted felon and placed the appellant on probation for three years with a special condition of probation of eight months in the Martin County jail to run concurrently with the battery conviction. Subsequently, the battery conviction was reversed by this court in April of 1994 and remanded for a new trial. On June 22, 1994, the appellant moved to set aside the conviction for possession of a firearm by a convicted felon because the predicate felony had been reversed. Relying on Lewis v. United States, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), the trial court denied the motion, resulting in this appeal.
In Burkett, the first district determined that "conviction" for the purposes of felony possession of a firearm did not mean a "final" conviction. Thus, the pendency of an appeal was "irrelevant to the legislative purpose of protecting the public by preventing the possession of firearms by persons who, because of their past conduct, have demonstrated their unfitness to be entrusted with such dangerous instrumentalities." Burkett, 518 So.2d at 1366. The Burkett court specifically disagreed with the second district's opinion in Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985), which held that a judgment of conviction on appeal could not be relied upon to convict a defendant of possession of a firearm by a convicted felon until the appellate court affirms the predicate conviction on appeal. However, just as in Burkett, Wheeler's predicate conviction was affirmed on appeal. Therefore, neither case is controlling as to the result in the instant case. Nevertheless, the conflict between the district court opinions is instructive. Burkett concludes that the use of the word "conviction" in the statute means the jury verdict of conviction, i.e., the factual determination of the guilt of the defendant. On the other hand, Wheeler concludes that "conviction" referred to the legal use of the term, which would make a conviction await the conclusion of any matters affecting its finality. Thus, the conclusion of each court rests on two different interpretations of the statutory language.
Because the statute fails to define "conviction" and it is susceptible to two differing *988 interpretations, the rule of lenity requires us to construe the statute in a manner most favorable to the accused. § 775.021(1), Fla. Stat. (1993); Perkins v. State, 576 So.2d 1310 (Fla. 1991). Therefore, we adopt the construction of the statute applied by Wheeler and certify conflict with Burkett.
In Lewis, on which the trial court relied in this case, the United States Supreme Court resolved conflicting federal decisions and concluded that even where the defendant's 1961 predicate felony conviction was subject to being set aside because defendant had been unconstitutionally denied counsel, that conviction was sufficient to make defendant's 1977 possession of a firearm a violation of 18 U.S.C.App. section 1202(a). Lewis was then followed by a case on all fours with the present case, United States v. MacGregor, 617 F.2d 348, 349 (3d Cir.1980), in which the court affirmed the conviction, even though the predicate felony conviction had been reversed, because it saw no alternative under the "rigorous language" of Lewis.
In contrast to the Florida statute, however, the federal law, 18 U.S.C.App. section 1202(a)(1), as the Supreme Court noted in Lewis, is "sweeping." It includes not only people who have been convicted of a felony, but also people dishonorably discharged from the armed services, people adjudicated mentally incompetent, people who have renounced U.S. citizenship and illegal aliens. In addition, the legislative history reflected "an intent to impose a firearms disability on any felon based on the fact of conviction." Lewis, 445 U.S. at 62, 100 S.Ct. at 919. Even under those circumstances, Justice Brennan in his dissent, with whom Justices Marshall and Powell agreed, argued that lenity still required the word "convicted" to be interpreted favorably to the accused.
In State v. Gore, 101 Wash.2d 481, 681 P.2d 227 (1984), the Washington Supreme Court rejected Lewis, concluding that the word "convicted" in its statute, which is similar to ours, was ambiguous and, under lenity, had to be interpreted in favor of the accused.
Burkett relied in part on Stevens v. State, 409 So.2d 1051 (Fla. 1982), which approved the decision of the Fifth District Court of Appeal that a probation revocation could be based on a conviction even though an appeal had been taken from the underlying conviction. The court reasoned that since a judgment of conviction was presumed correct until reversed, the better rule was to regard a revocation of probation for a subsequent conviction as proper even where the predicate conviction was subject to an appeal. Qualifying the stated rule, the supreme court quoted from the fifth district's opinion with approval which stated, "[o]f course, if a revocation is based solely on a conviction and that conviction is subsequently reversed, the revocation must also be reversed. Plummer v. State, 365 So.2d 1102 (Fla. 1st DCA 1979)." Id. at 1052. In Brown v. State, 312 So.2d 528 (Fla. 1st DCA 1975), that very result occurred. When the court reversed a conviction because of an invalid plea, the conviction of probation violation which was based on the reversed predicate conviction was vacated. This court also reversed a probation revocation where the predicate conviction was reversed upon appeal. See Judd v. State, 402 So.2d 1279 (Fla. 4th DCA 1981).
Similarly, in the instant case, the conviction for possession of a firearm by a convicted felon is based solely on the validity of the appellant's conviction for battery, which was reversed on appeal. Convictions which are reversed are considered a nullity. Kaminski v. State, 72 So.2d 400 (Fla. 1954); Ex parte Livingston, 116 Fla. 640, 156 So. 612 (1934); Griffith v. State, 654 So.2d 936, 944 n. 14 (Fla. 4th DCA 1995). Therefore, since there is no predicate conviction upon which the charge of possession of a firearm by a convicted felon can be based, the conviction must necessarily be vacated. Stevens, 409 So.2d at 1052.
Reversed with directions to vacate the appellant's conviction of possession of a firearm by a convicted felon.
GLICKSTEIN, WARNER and KLEIN, JJ., concur.