673 So.2d 9 (1996)
STATE of Florida, Petitioner,
v.
David Allen SNYDER, Respondent.
No. 85202.
Supreme Court of Florida.
February 15, 1996.
Rehearing Denied May 1, 1996.
Robert A. Butterworth, Attorney General and Robert J. Krauss, Senior Assistant Attorney General, Chief of Criminal Law and Helene S. Parnes, Assistant Attorney General, Tampa, for Petitioner.
Gary R. Gossett, Jr., Sebring, for Respondent.
HARDING, Justice.
We have for review the decision in Snyder v. State, 650 So.2d 1024, 1025 (Fla. 2d DCA 1995), in which the Second District Court of Appeal certified conflict with the opinion in *10 Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988). We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
This case involves whether a defendant is "convicted" for purposes of section 790.23, Florida Statutes (1991),[1] when adjudicated guilty in the trial court, notwithstanding the fact that the defendant has the right to contest the validity of the conviction by appeal or by other procedures. For the reasons discussed below, we hold that an individual is "convicted" for purposes of section 790.23 from the point of being adjudicated guilty.
David Allen Snyder was sentenced as an adult for grand theft. Snyder, 650 So.2d at 1025. A few days after his sentencing hearing Snyder violated probation and was sentenced to three and one-half years' imprisonment, which was stayed pending appeal. Id. While the appeal was pending, Snyder was arrested for firing a rifle in his backyard. Nine days after the shooting incident, the Second District Court of Appeal affirmed Snyder's treatment as an adult for the grand theft conviction, but remanded the case to correct other sentencing problems. Snyder v. State, 597 So.2d 384 (Fla. 2d DCA 1992). The State filed an information charging Snyder with possession of a firearm by a convicted felon pursuant to section 790.23. After a bench trial, Snyder was adjudicated guilty and sentenced to three and one-half years' imprisonment.
On appeal, the Second District Court of Appeal reversed Snyder's possession of a firearm conviction and remanded with instructions that he be discharged. Snyder, 650 So.2d at 1026. The district court determined that Snyder's case was controlled by Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985), which held that a conviction is not final and cannot be relied upon to convict the offender of a subsequent firearm possession charge until the appellate court affirms the predicate conviction. Id. at 640. Wheeler was convicted of cocaine possession. While this conviction was pending on appeal, the State charged Wheeler with carrying a concealed firearm, possession of a firearm by a convicted felon, and discharging a firearm in public. Id. The district court concluded that the trial court should have dismissed the charge of possession of a firearm by a convicted felon, as Wheeler was not a "convicted" felon while the original conviction was pending on appeal. Id.
While the district court below relied on Wheeler to conclude that Snyder's conviction for possession of a firearm must be reversed, the court also certified conflict with Burkett on this issue. Snyder, 650 So.2d at 1025. In Burkett, the First District Court of Appeal held that within the context of section 790.23, a defendant is "convicted" when he is adjudicated guilty in the trial court, notwithstanding the fact that the defendant has the right to contest the validity of the conviction by appeal or by other procedures. Burkett, 518 So.2d at 1366. The court based this conclusion on two grounds: 1) the presumptive correctness of criminal convictions; and 2) the fact that a pending appeal of the predicate conviction is irrelevant to the legislative purpose for section 790.23. Id.
Section 790.23 is intended to protect the public by preventing the possession of firearms by persons who, because of their past conduct, have demonstrated their unfitness to be entrusted with such dangerous instrumentalities. Nelson v. State, 195 So.2d 853, 855 & n. 8 (Fla.1967). In order to achieve this legislative purpose, section 790.23 must apply following an adjudication of guilt in the trial court. Furthermore, the fact that the predicate conviction is pending on appeal is irrelevant to the legislative purpose of protecting the public by preventing convicted felons from possessing firearms. See Lewis v. United States, 445 U.S. 55, 67, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980) (stating *11 that federal gun laws focus not on reliability of conviction but on mere fact of conviction in order to keep firearms from potentially dangerous persons); accord United States v. Woods, 696 F.2d 566, 569 (8th Cir.1982) (concluding that conviction need not be final to subject person to statutory restrictions on possession of firearms and person can be prosecuted even while predicate conviction is pending). The legislature never intended for convicted felons to possess firearms during the pendency of their appeals. Accordingly, we hold that a defendant is convicted when adjudicated guilty in the trial court, notwithstanding the fact that the defendant has the right to contest the validity of the conviction by appeal or by other procedures.
However, even though a defendant is "convicted" when adjudicated guilty, fairness requires that he or she be permitted to attack a conviction for possession of a firearm when the predicate felony conviction is subsequently reversed on appeal. Cf. State v. Gore, 101 Wash.2d 481, 681 P.2d 227, 231 (1984) (construing similar felon in possession of firearm statute as requiring constitutionally valid predicate conviction). Accordingly, we hold that such a defendant is entitled to relief through a Florida Rule of Criminal Procedure 3.850 motion to vacate judgment.
In the instant case, even though Snyder's predicate felony was affirmed on appeal, we find that he is entitled to the relief granted by the district court. Wheeler was controlling law in the Second District Court of Appeal at the time Snyder was convicted of possession of a firearm by a convicted felon. Thus, Snyder could rely upon Wheeler in concluding that he was not a "convicted felon" for purposes of section 790.23 while his predicate felony was pending on appeal. While the application of the Burkett interpretation of the statute to Snyder's previous actions would not technically constitute an ex post facto law, the application would have the same result. See Higginbotham v. State, 88 Fla. 26, 31, 101 So. 233, 235 (1924) (explaining that ex post facto law is one which alters the situation of a party to his disadvantage). As the United States Supreme Court explained, "an unforeseeable judicial enlargement of a criminal statute, applied retroactively, operates precisely like an ex post facto law." Bouie v. City of Columbia, 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964). Thus, "[i]f a state legislature is barred by the Ex Post Facto Clause from passing such a law, it must follow that a State Supreme Court is barred from achieving precisely the same result by judicial construction." Id. at 353-54, 84 S.Ct. at 1702-03.
By disapproving the Wheeler interpretation of section 790.23 and approving the Burkett interpretation, we have enlarged the scope of criminal liability under the statute in the Second District Court of Appeal. Retroactive application of this judicial enlargement would violate Snyder's due process rights. See Bouie, 378 U.S. at 354-55, 84 S.Ct. at 1703-04; accord Gore, at 489, 681 P.2d 227. Thus, we agree with the district court's conclusion that Snyder's conviction must be reversed.
Accordingly, we disapprove the district court's reasoning in this case, but approve its conclusion that Snyder's conviction must be reversed. In addition, we approve the opinion in Burkett that an individual is "convicted" for purposes of section 790.23 from the point of being adjudicated guilty.
It is so ordered.
GRIMES, C.J. and OVERTON, SHAW, KOGAN and ANSTEAD, JJ., concur.
WELLS, J., concurs in part and dissents in part with an opinion.
WELLS, Justice, concurring part and dissenting in part.
I concur with the resolution of the conflict in the majority opinion approving Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988), and disapproving Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985).
I dissent from the majority's decision to approve the district court's reversal of Snyder's conviction. I would remand with directions to reinstate the conviction of Snyder for convicted felon in possession of a firearm.
NOTES
[1] Section 790.23, Florida Statutes (1991), provides in pertinent part:

(1) It is unlawful for any person who has been convicted of a felony in the courts of this state or of a crime against the United States which is designated as a felony or convicted of an offense in any other state, territory, or country punishable by imprisonment for a term exceeding 1 year to own or to have in his care, custody, possession, or control any firearm or electric weapon or device or to carry a concealed weapon, including all tear gas guns and chemical weapons or devices.