HARDING, Justice.
We have for review the decision in Johnson v. State, 664 So.2d 986 (Fla. 4th DCA 1995), which certified conflict with the opinion in Burkett v. State, 518 So.2d 1363 (Fla. 1st DCA 1988), on the issue of when a defendant is convicted for purposes of being charged with possession of a firearm by a convicted felon. Johnson, 664 So.2d at 988. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
We addressed the issues presented here in our recent decision in State v. Snyder, No. 85,202, — So.2d — [1996 WL 63081] (Fla. Feb. 15, 1996). In Snyder, this Court held that an individual is “convicted” for purposes of being charged with possession of a firearm by a convicted felon from the point of being adjudicated guilty. Snyder, slip op. at 5, — So.2d at —. However, we also held that *195 such an individual is entitled to relief through a Florida Ride of Criminal Procedure 3.850 motion to vacate judgment when the predicate felony conviction is subsequently reversed on appeal. Id.
In the instant case, Johnson was arrested for possession of a firearm by a convicted felon while his predicate battery conviction was pending on appeal. After Johnson pled nolo contendere to the firearm charge, the trial court withheld adjudication and placed Johnson on probation for three years with a special condition of probation of eight months in jail to run concurrently with the battery conviction. The battery conviction was subsequently reversed by the district court and remanded for a new trial. Johnson then moved to set aside the firearm conviction, but the trial court denied the motion. Johnson, 664 So.2d at 987.
On appeal, the district court adopted the same interpretation of the term “convicted” that we disapproved in Snyder.[1] Johnson, 660 So.2d at 789. However, the court also explained that Johnson was entitled to post-conviction relief because the predicate conviction, upon which the charge of possession of a firearm by a convicted felon was based, had been reversed on appeal. Id. This conclusion is consistent with our holding in Snyder. See Snyder, slip op. at 5, — So.2d at —.
For the reasons discussed above, we disapprove in part and approve in part the district court’s opinion in this case, but approve its decision that Johnson’s conviction of possession of a firearm by a convicted felon must be vacated.
It is so ordered.
GRIMES, C.J. and OVERTON, SHAW, KOGAN, WELLS and ANSTEAD, JJ., concur.

. In both the instant case and Snyder v. State, 650 So.2d 1024 (Fla. 2d DCA 1995), the district court relied upon Wheeler v. State, 465 So.2d 639 (Fla. 2d DCA 1985), which held that a conviction is not final and cannot be relied upon to convict the defendant of a subsequent firearm offense until the appellate court affirms the conviction. In State v. Snyder, No. 85, 202, — So.2d — (Fla. Feb. 15, 1996) slip op. at 5, we specifically disapproved the Wheeler interpretation of "convicted.”