PER CURIAM.
The state appeals the trial court’s dismissal of the information charging the defendant with felony DUI. The information alleged three prior misdemeanor DUI convictions; however, one of the convictions was pending appeal. The state argues that a conviction for purposes of felony DUI occurs at the moment of a guilty adjudication, and that a pending appeal of one of the underlying convictions has no effect for purposes of charging felony DUI. We disagree and affirm. Further, we write to distinguish the case upon which the state primarily relies, State v. Snyder, 673 So.2d 9 (Fla.1996).
This is yet another case where a court is called on to determine the meaning of the word “conviction,” because a criminal statute has not specifically defined the term. Over time, the meaning given to the term has varied, depending on the specific statute in which the word appears. See State v. Keirn, 720 So.2d 1085 (Fla. 4th DCA 1998), rev. granted, 718 So.2d 168 (Fla.1998).
Beginning with Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947),[1] Florida has followed the rule that in charge or sentencing enhancement statutes, the use of the term “conviction” requires a finality that occurs when the conviction has been affirmed by an appellate court if an appeal has been taken. See Delguidice v. State, 554 So.2d 35 (Fla. 4th DCA 1990); State v. Villafane, 444 So.2d 71 (Fla. 4th DCA 1984); Garrett v. State, 335 So.2d 876 (Fla. 4th DCA 1976).
Construing statutes which are not charge or sentencing enhancement statutes, the supreme court has defined “conviction” in a way that did not require an appellate resolution. In Ruffin v. State, 397 So.2d 277 (Fla.1981), receded from on other grounds, Scull v. State, 533 So.2d 1137 (Fla.1988), the supreme court held that a conviction still on appeal could nonetheless be considered as an aggravating circumstance in deciding whether to impose the death penalty. The court distinguished Joyner by pointing out how the habitual offender statute differed from the law concerning aggravating circumstances in capital cases:
In Joyner v. State ... we explained that the purpose of the habitual offender statute “is to protect society from habitual criminals who persist in the commission of crime after having been theretofore convicted and punished for crimes previously committed.” 30 So.2d at 306. *1055 On the other hand, the purpose of considering previous violent convictions in capital cases differs from the purpose of the habitual offender statute. In Elledge v. State, 346 So.2d 998, 1001 (Fla.1977), we said “the purpose for considering aggravating and mitigating circumstances is to engage in a character analysis of the defendant to ascertain whether the ultimate penalty is called for in his or her particular case. Propensity to commit violent crimes surely must be a valid consideration for the jury and the judge.”
Ruffin, 397 So.2d at 282-83.
State v. Peterson, 667 So.2d 199 (Fla.1996), held that it was proper to include a conviction still on appeal on a sentencing guidelines score sheet. The supreme court distinguished Joyner by focusing on the definition of a conviction in Florida Rule of Criminal Procedure 3.701(d)(2), which broadly defined the term as “a determination of guilt resulting from plea or trial, regardless of whether adjudication was withheld or whether imposition of a sentence was suspended.” Peterson, 667 So.2d at 200 (citation omitted). The court reasoned that the sentencing guidelines allowed the sentencing judge to have information concerning all past crimes, regardless of whether the convictions were affirmed on appeal. See id. at 200-01.
Snyder involved the issue of whether a defendant is “convicted” for the purpose of section 790.23, Florida Statutes (1991) (possession of a firearm by convicted felon), when adjudicated guilty by the trial court, even though the defendant had “the right to contest the validity of the conviction by appeal or other procedures.” 673 So.2d at 10. The supreme court treated section 790.23 differently from charge or sentencing enhancement statutes:
Section 790.23 is intended to protect the public by preventing the possession of firearms by persons who, because of their past conduct, have demonstrated their unfitness to be entrusted with such dangerous instrumentalities. In order to achieve this legislative purpose, section 790.23 must apply following an adjudication of guilt in the trial court. Furthermore, the fact that the predicate conviction is pending on appeal is irrelevant to the legislative purpose of protecting the public by preventing convicted felons from possessing firearms. The legislature never intended for convicted felons to possess firearms during the pendency of their appeals. Accordingly, we hold that a defendant is convicted when adjudicated guilty in the trial court, notwithstanding the fact that the defendant has the right to contest the validity of the conviction by appeal or by other procedures.
Id. at 10-11 (citations omitted).
In the context of the DUI statute, a person charged with three prior DUI convictions can thereafter be charged with felony DUI. See § 316.193(2)(b), Fla. Stat. (1997). As such, the function of a conviction under section 316.193(2)(b) is to enhance the charge. For that reason, this case is controlled by the line of cases following Joyner and not by Snyder, Peterson, and Ruffin. Consequently, the misdemeanor DUI conviction pending appeal in the present case cannot serve as one of the three required underlying convictions. Therefore, we affirm the trial court’s order dismissing the information.
AFFIRMED.
GUNTHER, GROSS, and HAZOURI, JJ., concur.

. Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), superseded by statute on other grounds as recognized in State v. Barnes, 595 So.2d 22 (Fla. 1992), superseded by statute as recognized in Mancini v. State, 693 So.2d 64 (Fla. 4th DCA 1997).