780 So.2d 31 (2001)
STATE of Florida, Petitioner,
v.
Karen FINELLI, Respondent.
No. SC99-26.
Supreme Court of Florida.
March 1, 2001.
Robert A Butterworth, Attorney General, Celia A. Terenzio Assistant Attorney General, Chief, West Palm Beach Bureau, and Heidi L. Bettendorf, Assistant Attorney *32 General, West Palm Beach, FL, for Petitioner.
J. David Bogenschutz of Bogenschutz & Dutko, P.A., Fort Lauderdale, FL, for Respondent.
LEWIS, J.
We have for review a decision on the following question certified to be of great public importance:
SHOULD THE DEFINITION OF "CONVICTION" IN FELONY DUI CASES BE IDENTICAL WITH HOW THE TERM IS DEFINED IN STATE V. SNYDER, 673 So.2d 9 (Fla.1996), GIVEN THE FACT THAT IN BOTH CASES A PRIOR "CONVICTION" IS AN ELEMENT OF THE SUBSTANTIVE OFFENSE AND THE LEGISLATURE INTENDED TO PROTECT THE GENERAL PUBLIC FROM DANGEROUS INSTRUMENTALITIES SUCH AS FIREARMS AND MOTOR VEHICLES IN THE HANDS OF DRUNK DRIVERS?
State v. Finelli, 744 So.2d 1053, 1056 (Fla. 4th DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
In this case, pursuant to section 316.193(2)(b), Florida Statutes (1997) (the "DUI statute"),[1] the appellee (Finelli) was charged by information with felony driving while under the influence. However, because one of the three prior misdemeanor DUI convictions required to be alleged in the information for this felony charge was still pending appeal, the trial court dismissed the case.
Upon appeal by the State, the Fourth District affirmed the trial court's ruling, thereby rejecting the State's argument that a conviction for purposes of the felony provision of the DUI statute occurs at the moment of a guilty adjudication. In so doing, the appellate court reasoned that, "[i]n the context of the DUI statute, a person charged with three prior DUI convictions can thereafter be charged with felony DUI," and, therefore, because "the function of a conviction under section 316.193(2)(b) is to enhance the charge," the convictions cannot be pending appeal in order to apply. Finelli, 744 So.2d at 1055. Thus, the lower appellate court essentially held that prior DUI convictions were not an element of the offense charged.
Here, the Court is, once again, called upon to interpret the meaning of the term "conviction." We have often stated the basic tenet of statutory interpretation that we must give "statutory language its plain and ordinary meaning, unless the words are defined in the statute or by the clear intent of the legislature." Green v. State, 604 So.2d 471, 473 (Fla.1992). However, we have also noted the "chameleonlike" ability of the term "conviction" to evade a set definition. See Raulerson v. State, 763 So.2d 285, 291 (Fla.2000) (citing State v. Keirn, 720 So.2d 1085 (Fla. 4th DCA 1998)). In fact, the term "conviction" draws its meaning from the statutory context *33 in which it is used. Accordingly, to answer the certified question, we must consider the use of the term "conviction" in the DUI statute.
In our interpretive undertaking, we note an historical fork in the road. To one side lie those statutes where convictions are used to enhance subsequent crimes; to the other, those statutes in which antecedent convictions are merely elements of the current crime.
In Joyner v. State, 158 Fla. 806, 30 So.2d 304 (1947), for example, this Court interpreted the habitual offender statute as requiring sequential convictions as a means of ensuring that defendants have the chance to reform. Though eventually superseded by statute,[2] the Joyner reasoning required convictions to be final on appeal in any enhancement statute where the legislature did not indicate otherwise. In contrast, where predicate convictions do not enhance, but are merely elements of, the current charge, this Court has not required convictions to be final on appeal. See Raulerson v. State, 763 So.2d 285 (Fla. 2000) (holding that a "conviction" for purposes of section 322.34(1), Florida Statutes (1995), includes a withheld adjudication); State v. Snyder, 673 So.2d 9 (Fla.1996) (holding that a felony "conviction" need not be final on appeal to support a subsequent charge of possession of a firearm by a convicted felon); cf. Ruffin v. State, 397 So.2d 277 (Fla.1981) (holding that a conviction still pending on appeal may be considered as an aggravating circumstance in deciding whether to impose the death penalty); State v. Peterson, 667 So.2d 199 (Fla.1996) (holding that it is proper to include a conviction still on appeal on a sentencing guidelines score sheet).
In interpreting "conviction" in the context of felony DUI, consistency with our prior decisions compels that we take the latter path. In State v. Woodruff, 676 So.2d 975 (Fla.1996), this Court specifically said that "[f]elony DUI is ... a completely separate offense from misdemeanor DUI, not simply a penalty enhancement." Id. (emphasis added). Instead, the requirement of three prior misdemeanor DUI offenses is considered an element of felony DUI. See State v. Rodriguez, 575 So.2d 1262 (Fla.1991); see also State v. Harbaugh, 754 So.2d 691 (Fla.2000) (restating Rodriguez's interpretation of prior offenses as an element of felony DUI). Based upon Woodruff, Rodriguez, and Harbaugh, we conclude that the term "conviction," as used in the felony DUI statute, does not require finality on appeal.
In Snyder (the most analogous non-enhancement case), this Court considered the term "conviction" as it was used in section 790.23, Florida Statutes (1991). That statute criminalized the possession of firearms by convicted felons. The legislature's expressed intent in enacting section 790.23 was to "protect the public by preventing the possession of firearms by persons who, because of their past conduct, have demonstrated their unfitness to be entrusted with such dangerous instrumentalities." Snyder, 673 So.2d at 10. This Court unanimously agreed that, to achieve such a purpose, "section 790.23 must apply following an adjudication of guilt in the trial court." Id. (emphasis added). The Court explained, further, that such legislative intent is better effectuated if a penalty is imposed based upon trial level convictions, regardless of whether such convictions are pending appeal. See id. (citing Lewis v. United States, 445 U.S. 55, 67, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), and United States v. Woods, 696 F.2d 566, 569 (8th Cir.1982)).
This case, like Snyder, involves a statute which, on its face, reflects a legislative intent to remove dangerous instrumentalities from the hands of those who have demonstrated unfitness to be entrusted *34 with them. As Justice England stated in Ingram v. Pettit, 340 So.2d 922, 924-25 (Fla.1976) (footnote omitted):
Florida courts have recognized that an automobile on the highway is a dangerous instrumentality. Its dangerous propensities are heightened when operated by a person who is, by definition, incapable of exercising vigilance and caution.
To allow fourth-time offenders to escape felony charges only because an appeal from a predicate conviction has not yet been exhausted would be inconsistent with the Legislature's expressed intent. Moreover, in the event that a predicate conviction is reversed on appeal, the defendant may seek relief through a motion to vacate judgment filed pursuant to Florida Rules of Criminal Procedure 3.850.
Finally, relying on Snyder and Bouie v. City of Columbia, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), Finelli argues that the Court's ruling today would constitute an unforeseeable judicial enlargement of the felony DUI statute which cannot be applied to her case. Such reliance is unfounded. While the meaning of "conviction" varies depending upon the context in which it is used, this Court's interpretation of that term in Snyder provided Finelli with fair warning that, where predicate convictions are elements of later charges, those convictions need not be final on appeal. Moreover, in Snyder, the defendant's due process challenge was upheld only because this Court's decision constituted an unforeseeable judicial enlargement of a criminal statute where the defendant might have relied on an antecedent and contrary opinion by a lower court. No such circumstances obtain here. Accordingly, for the reasons expressed above, we quash the decision of the lower appellate court with directions to remand this case to the trial court for further proceedings consistent with this opinion.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD and QUINCE, JJ., concur.
PARIENTE, J., recused.
NOTES
[1] Section 316.193, Florida Statutes (1997), provides in pertinent part:

(1) A person is guilty of the offense of driving under the influence and is subject to punishment as provided in subsection (2) if the person is driving or in actual physical control of a vehicle within this state and:
(a) The person is under the influence of alcoholic beverages, any chemical substance set forth in s. 877.111, or any substance controlled under chapter 893, when affected to the extent that the person's normal faculties are impaired;
(b) The person has a blood-alcohol level of 0.08 or more grams of alcohol per 100 milliliters of blood; or
(c) The person has a breath-alcohol level of 0.08 grams or more of alcohol per 210 liters of breath.
(2) . . .
(b) Any person who is convicted of a fourth or subsequent violation of this section is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084; however, the fine imposed for such fourth or subsequent violation may be not less than $1,000.
§ 316.193(1)-(2), Fla. Stat. (1997) (emphasis added).
[2] See State v. Barnes, 595 So.2d 22 (Fla.1992) (holding that sequential convictions were no longer required by the plain meaning of section 775.084(1)(a)1, Florida Statutes (Supp. 1988)).