[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 1, 2001
THOMAS K. KAHN
CLERK

————————————————

No. 99-12066

————————————————

D. C. Docket No. 98-8120-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HARRY JAMES CHUBBUCK,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida

————————————————

**(June 1, 2001)**

Before EDMONDSON, WILSON and MAGILL[*], Circuit Judges.

WILSON, Circuit Judge:

---

[*]Honorable Frank J. Magill, U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

Appellant, Harry James Chubbuck, appeals his conviction under 18 U.S.C. §§ 922(g)(1), 924(a)(2), felon in possession of a firearm. He alleges that at the time of his arrest, he was not a felon under Florida law and as such could not be guilty of the offense. As there is no clear Florida state court precedent on the issue and Eleventh Circuit precedent holds otherwise, we affirm Chubbuck's conviction because no plain error can be established.

## BACKGROUND

Harry James Chubbuck ("Chubbuck") was arrested and charged in December of 1994 of one count of trafficking in cocaine and five counts of possession of various narcotic substances. He pled guilty in the Circuit Court for the Fifteenth Judicial Circuit of Florida to the lesser included offense of possession of cocaine with intent to sell in March of 1996. *See* Fla. Stat. Ann. § 817.563, *amended by* 2000 Fla. Sess. Law Serv. 00-320 (C.S.H.B. 2085) (West). The court withheld Chubbuck's adjudication and sentenced him to three years probation with the condition that he refrain from possessing firearms while on probation.

On March 25, 1998, police arrested Chubbuck for driving a stolen car and possession of firearms found in the trunk. He was charged in federal court with being

a felon in possession of a firearm.[1]  The charge of grand theft auto was *nolle prossed*. The state of Florida chose not to prosecute for this incident.

On July 2, 1998, the state of Florida revoked Chubbuck's probation based on his violation of the state's prohibition on firearm possession while serving probation, adjudicated him guilty of the underlying cocaine trafficking offense, and sentenced him to 60 days in jail.[2]

A little over a month later, on August 27, 1998, a grand jury indicted Chubbuck for violating 18 U.S.C. §§ 922(g)(1), 924(a)(2), felon in possession of a firearm.  In April of 1999, Chubbuck pled guilty to the charge.[3]

After sentencing, Chubbuck again voiced concerns to the district court regarding his lack of understanding of the charges against him and his belief that he had received ineffective assistance of counsel.  While he was not specific about the claims of ineffective assistance, Chubbuck did indicate unease about his status as a

---

[1]The weapons found in Chubbuck's possession were manufactured out-of-state and thus were subject to federal instead of state penalties. *See* 18 U.S.C. § 922.

[2]Under Florida law once probation is revoked and the sentence is adjudicated, it is clearly a "conviction" as defined by statute. *See United States v. Willis*, 106 F.3d 966, 968-69 (11th Cir. 1997); *Garron*, 528 So.2d 353, 360 (Fla. 1988)(per curiam); *Batchelor v. State*, 729 So.2d 956, 958 (Fla. 1st DCA 1999).  As a result, had the offense occurred after this date, there would be no question as to Chubbuck's status as a felon at the time he possessed the firearms.

[3]There is some indication in the record that while Chubbuck's counsel at the arraignment had some questions about whether Chubbuck was in fact a convict at the time of the incident, subsequent counsel that saw him through the plea colloquy never raised the same concern.

convicted felon. Chubbuck asked to withdraw his plea but the judge denied his request stating that Chubbuck had been fully advised of his rights during the plea colloquy and indicated that he understood the charges against him.

Chubbuck presented an array of motions *in forma pauperis* in an attempt to have the charges against him reduced or dropped. The judge denied them all and appointed a public defender to represent him on appeal of his sentencing issues. Chubbuck's new counsel raises for the first time on appeal the issue of whether Chubbuck was in fact a felon when the charge of felon in possession of a firearm was brought.

## STANDARD OF REVIEW

A defendant who failed to object to the Rule 11 colloquy or move to withdraw his plea prior to sentencing, must show plain error on appeal.[4] *See United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999); *United States v. Quinones*, 97 F.3d 473, 475 (11th Cir. 1996) (per curiam). Plain error is clear or obvious and effects those substantial rights that call into question the "'fairness, integrity, or public reputation of judicial proceedings. . . .'" *United States v. Hernandez*, 896 F.2d 513,

---

[4]While a review of the record indicates that Chubbuck expressed some reservations about his status as a convicted felon, we cannot say that any of his comments rose to the level of an objection.

523 (11th Cir. 1990) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

Appellant, Chubbuck, bears the burden of persuasion. *See Quinones*, 97 F.3d at 475.

## DISCUSSION

It is a long standing principle that defendants may plead guilty and be held accountable for crimes that they did not commit or for which the evidence is insufficient to support. *See Brady v. United States*, 397 U.S. 742, 756 (1970); *United States v. Helmich*, 704 F.2d 547, 550 (11th Cir. 1983). After weighing his options, a defendant may for one reason or the other find it advantageous to plead guilty despite potential gaps in the government's ability to present evidence. Therefore in analyzing a guilty plea, the real question in this case is whether the plea was made voluntarily, knowingly, and intelligently. *See McCarthy v. United States*, 394 U.S. 459, 462-63 (1969); *Mosley*, 173 F.3d at 1322.

Chubbuck contends that even if the rest of the colloquy was conducted according to the letter of the law, the fact that Chubbuck was not informed that state law is controlling as to the meaning of conviction is a mistake that nullifies the colloquy. *See e.g., United States v. Telemaque*, 11th Cir. 2001, __ F.3d __ (No. 99-13321, March 19, 2001)(per curiam) (holding that a district court commits prejudicial plain error when it fails to adequately inform a defendant of the nature of the offense); *Mosley*, 173 F.3d at 1323 (discussing that complex charges must be explained to the

5

fullest extent possible); *United States v. Wiggins*, 131 F.3d 1440, 1442-43 (11th Cir. 1997)(per curiam) (stating that there is no uniform method to explain charges to a defendant that are heavily fact dependent). He advances that the charges against him were so complex, that it required an explanation that state law controlled and perhaps an indication of what the law held with regards to his status. Unfortunately for him, it has been stated several times that "[t]he crime of being a felon in possession of a firearm is easily understood." *United States v. Jones*, 143 F.3d 1417, 1419 (11th Cir. 1998)(per curiam).

18 U.S.C. § 922(g)(1) states that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition. . . ." "What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." 18 U.S.C. § 921(a)(20).

Chubbuck alleges that because he was on probation with adjudication withheld at the time he possessed the firearms, he was not a convicted felon and cannot be guilty of being a felon in possession of a firearm. His argument rests on his belief that a withheld adjudication is not a conviction under Florida law.

6

Eleventh Circuit precedent holds otherwise. We have twice held that a plea of guilty in Florida state court, even where adjudication has been withheld, is a conviction for purposes of 18 U.S.C. § 922(g). *See United States v. Orellanes*, 809 F.2d 1526, 1527 (11th Cir. 1987); *United States v. Grinkiewicz*, 873 F.2d 253, 255 (11th Cir. 1989) (per curiam). The only change to this line of cases has been that a plea of *nolo contendere* will not amount to a confession of guilt necessary to establish prior conviction. *See United States v. Willis*, 106 F.3d 966, 968-69 (11th Cir. 1997), *but see United States v. Drayton*, 113 F.3d 1191, 1193 (11th Cir. 1997) (per curiam) (holding that a plea of *nolo contendere* where an adjudication is <u>not</u> withheld is a conviction under Florida law).

Our previous interpretations of Florida law were based on a series of cases that conclude that a conviction requires either an adjudication of guilt or a plea of guilty. *See State v. Gazda*, 257 So.2d 242, 243-44 (Fla. 1971) (stating that "for purposes of construing § 775.14,…the term 'conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court"); *Garron v. State*, 528 So.2d 353, 360 (Fla. 1988) (per curiam) ("[T]he plea of guilty is an absolute condition precedent before the lack of adjudication can be considered a conviction"); *Burkett v. State*, 518 So.2d 1363 (Fla. 1st DCA 1988) (holding that adjudication of guilt is a conviction for purposes of the state felon in possession of a

7

firearm statute regardless of appeal status); *but see Snyder v. State*, 650 So.2d 1024 (Fla. 2d DCA 1995) (holding that while awaiting appeal of an adjudicated sentence, a defendant is <u>not</u> considered "convicted" for purposes of section 790.23 (felon in possession of firearm)). Therefore, based on our past interpretation of Florida law, Chubbuck is guilty of the offense as charged.

However, Chubbuck points to a series of Florida district court cases and one supreme court case which raise doubt as to our interpretation. His argument is that the meaning of "conviction" under Florida law is context specific and thus requires us to look at the predicate statutory offense language. *See Raulerson v. State*, 763 So.2d 285, 291 (Fla. 2000) (per curiam) ("the term 'conviction' as used in Florida law has been a 'chameleon-like' term that has drawn its meaning from the particular statutory context in which the term is used"); *State v. Keirn*, 720 So.2d 1085, 1087 (Fla. 4th DCA 1998), *approved by*, 763 So.2d 285 (Fla. 2000) ("the term 'conviction' requires a close examination of its statutory context and legislative history and development"); *State v. Finelli*, 744 So.2d 1053, 1054 (Fla 4th DCA 1999) (per curiam) (stating that the term "conviction" has varied meanings "depending on the specific statute in which

the word appears"), *vacated by*, Fla. 2001, __ So.2d __ (No. SC99-26, March 1, 2001) (affirming nonetheless the context specific nature of the term).[5]

Furthermore, our opinion in *Orellanes*, one of only two on point cases in this Circuit, was based on *State v. Gazda*, a Florida Supreme Court decision relying on a completely different statute. In *Gazda*, a defendant's adjudication was withheld until he could complete treatment at a tuberculosis hospital. The defendant failed to return to the court for sentencing, thus raising the question of whether a sentence was valid for purposes of Florida's Limitation On Withheld Sentences Statue. *See Gazda*, 257 So.2d at 244. This Court in *Orellanes* stated no reason for basing its opinion on *Gazda* but simply held that "'the term 'conviction' means determination of guilty by verdict of the jury or by plea of guilty, and does not require adjudication by the court.'" *Orellanes*, 809 F.2d at 1528 (quoting *Gazda*, 257 So.2d at 243-44). Likewise, *Grinkiewicz* merely relied on *Orellanes* on this matter without offering any new analysis. *Grinkiewicz*, 873 F.2d at 255. As Chubbuck has presented strong evidence that the definition of "conviction" is fluid and we see no reason to disagree on this matter, we will proceed with a context-specific analysis.

---

[5]At least one federal district court has also recognized the malleable definition of the term "conviction" under Florida law. *See United States v. Thompson,* 756 F. Supp. 1492, 1493 (N.D. Fla. 1991).

9

Viewing the term "conviction" as context specific, the more appropriate source of applicable Florida law would be that surrounding Florida's own unlawful possession of firearms by a felon statute, Fla. Stat. Ann. § 790.23. The case law in this area is limited but varied. *Burkett* held that "a defendant is convicted, for purposes of [section 790.23] when he is adjudicated guilty in the trial court." 518 So.2d at 1366 (referring to whether a pending appeal creates doubt as to whether he was convicted at trial). However, in two cases where defendants were awaiting appeal at the time of their section 790.23 violation, the courts chose to construe the meaning of conviction in the manner most favorable to the defendants, thus holding that the two were not "convicted" until disposition on appeal. *See Johnson v. State,* 664 So.2d 986, 987-88 (Fla. 4th DCA 1995); *Snyder*, 650 So.2d at 1025. Paralleling more closely the case at hand is *Castillo v. State,* in which the Third District of Appeals for Florida concluded:

> While the defendant in this case had a prior criminal record, the prior proceedings had resulted in the withholding of adjudication. For purposes of [section 790.23], we construe 'conviction' to mean an adjudication of guilt. Where adjudication has been withheld, the offender is not a convicted felon.

590 So.2d 458, 461 (Fla. 3d DCA 1991) (per curiam) (citations omitted).[6] An exhaustive search of the Florida Supreme Court records has yielded no definitive statement on this issue.

As supplemental authority, Chubbuck does offer one case that strengthens his claim. A recent Florida Supreme Court case discussed as a matter of first-impression whether a withheld adjudication constitutes a conviction for purposes of impeachment. *See State v. McFadden*, 772 So.2d 1209 (Fla. 2000). The court in *McFadden* adopted "a definition of 'conviction' that requires an adjudication of guilt or judgment of conviction by the trial court." *Id*. at 1216. While recognizing that the term "conviction" is still "chameleon-like" in nature and context specific, the court implicitly reaffirmed the holding of *State v. Snyder*, which stated that for purposes of the felon in possession of a firearm statute, a defendant must actually be adjudicated

---

[6]One court in analyzing a similar case stated that neither *Grinkiewicz* or *Orellanes* was controlling because they were based on a misinterpretation of Florida law. *See United States v. Santini*, N.D. Ill, 1992, __ F.Supp.2d __, (No. 88 CR 20028, June 15, 1992) (unpublished). In another case also based on a violation of the Federal Firearms Statute, the court observed that:

> [There] appears to be a common perception among persons involved in the Florida criminal justice system that a defendant, for whom adjudication is withheld, has not been 'convicted' under Florida law. Probation officers of this court, having served as Florida probation officers before joining the federal system, have confirmed that defendants in Florida are routinely advised by practicing criminal defense lawyers, by state probation officers, by state prosecutors, and by judges, that when adjudication is withheld, they are not 'convicted' and accordingly do not lose their civil rights.

*United States v. Lester*, 785 F. Supp. 976, 978 (S.D. Fla. 1991)(quoting *United States v. Thompson*, 756 F. Supp. 1492, 1496 (N.D. Fla. 1991)).

guilty to be a "convicted felon". *See McFadden*, 772 So.2d at 1215 n.5; *Snyder*, 673 So.2d at 10. *McFadden's* holding together with the aforementioned cases further cast doubt on our prior interpretations of Florida law.

The precedent that we have established on this issue has always sought the interpretation of Florida law in construing what a conviction is for purposes of 18 U.S.C. §§ 922(g)(1), 924(a)(2). We do not and cannot overrule that precedent here. Nonetheless, in order to remain faithful to those decisions, we must continually seek to apply, as both the statute and case law require, the relevant state law interpretation. It has become increasingly clear that perhaps our interpretation of Florida law was either in error or has since changed, but given defendant's failure to object and without any definitive authority from the Florida Supreme Court that contradicts our precedent, we decline to, and in fact cannot,[7] find that the district court committed plain error.

CONCLUSION

---

[7]"Under our prior precedent rule, a panel cannot overrule a prior one's holding even though convinced it is wrong". *United States v. Steele*, 147 F.3d 1316, 1317-18 (11th Cir. 1998) (en banc). "[W]e are not at liberty to disregard binding case law that is so closely on point and has been only weakened, rather than directly overruled, by the Supreme Court." *Fla. League of Professional Lobbyists v. Meggs*, 87 F.3d 457, 462 (11th Cir. 1996). However, the prior precedent rule would not apply if intervening on-point case law from either this Court en banc, the United States Supreme Court, or the Florida Supreme Court existed. *See Gulf Power Co. v. FCC*, 226 F.3d 1220, 1224 (11th Cir. 2000); *Venn v. St. Paul Fire & Marine Ins. Co.,* 99 F.3d 1058, 1066 (11th Cir. 1996); *Hattaway v. McMillian*, 903 F.2d 1440, 1445 n.5 (11th Cir. 1990).

12

Because no definitive case law exists on whether a guilty plea with adjudication withheld constitutes a conviction under Florida law, we find that the district court did not plainly error in accepting Chubbuck's guilty plea to the crime of being a felon in possession of a firearm.

AFFIRMED.

EDMONDSON, Circuit Judge, concurring:

I concur in the result.