Damoorgian, J.
Appellant, Eddie Tyler, appeals the trial court’s order summarily denying his motion to withdraw his plea after sentencing. We reverse.
In 2014, Appellant was charged with one count of being a delinquent in possession of ammunition. After the trial court denied Appellant’s motion to suppress certain evidence, Appellant pled guilty and thereafter appealed the suppression ruling. While his appeal was pending and his sentence stayed, Appellant was charged in cases 15-5546CF and 15-7683CF with committing fourteen new offenses,[1] including two counts of felon in possession of a firearm. The being a delinquent in possession of ammunition conviction served as the predicate felony to the two possession of a firearm charges. Appellant and the State ultimately entered into a negotiated plea deal for both cases. Pursuant to the plea deal, Appellant pled guilty to some of the charges, including the two felon in possession of a firearm charges, and the State nolle prossed the remaining counts. Appellant ultimately received a combined ten year prison sentence.
Five days after Appellant entered his plea and was sentenced in the underlying two cases, we reversed his being a delinquent in possession of ammunition conviction. Tyler v. State, 185 So.3d 659, 664 (Fla. 4th DCA 2016). Shortly thereafter, Appellant timely moved to withdraw his plea in the underlying two cases. In his motion, Appellant argued that had he known the predicate felony was going to be reversed, he may not have agreed to the terms of the plea deal, especially be *1054 cause without that prior felony conviction he would have been eligible for a youthful offender sentence. The trial court summarily denied the motion and this timely appeal follows.
“Where a motion to withdraw a plea is filed after sentencing, the defendant has the burden of proving that a manifest injustice has occurred and that withdrawal is necessary to correct the manifest injustice.” Panchu v. State, 1 So.3d 1243, 1245 (Fla. 4th DCA 2009). “This is a more stringent standard than a motion to withdraw a plea filed before sentencing; the burden falls on the defendant to prove that withdrawal is necessary to correct the manifest injustice.” Snodgrass v. State, 837 So.2d 507, 508 (Fla. 4th DCA 2003).
Our holding in Johnson v. State, 664 So.2d 986 (Fla. 4th DCA 1995), disapproved in part on other grounds by 668 So.2d 194 (Fla. 1996), is instructive. In that case, while the defendant’s conviction for battery on two law enforcement officers was pending on appeal, he was arrested and charged with one count of possession of a firearm by a felon and one count of possession of cocaine. Id. at 987. The two pending battery convictions served as the predicate felony for the felon in possession of a firearm charge. Id. The defendant ultimately pled no contest to the firearm charge in exchange for the State agreeing to nolle prosse the possession of cocaine charge. Id. After the court withheld adjudication on the firearm charge and sentenced the defendant, we reversed the defendant’s battery conviction. Id. The defendant thereafter moved to set aside the felon in possession of a firearm conviction based on the predicate felony having been reversed. Id. The trial court denied the motion and the defendant appealed. Id.
This Court ultimately reversed with directions to vacate the defendant’s conviction of possession of a firearm by a convicted felon, reasoning as follows:
[I]n the instant case, the conviction for possession of a firearm by a convicted felon is based solely on the validity of the appellant’s conviction for battery, which was reversed on appeal. Convictions which are reversed are considered a nullity. Therefore, since there is no predicate conviction upon which the charge of possession of a firearm by a convicted felon can be based, the conviction must necessarily be vacated.
Id. at 988 (internal citations omitted); see also State v. Snyder, 673 So.2d 9, 11 (Fla. 1996) (reiterating that “even though a defendant is ‘convicted’ when adjudicated guilty, fairness requires that he or she be permitted to attack a conviction for possession of a firearm when the predicate felony conviction is subsequently reversed on appeal”).
Thus, in the present case, regardless of the voluntariness of the plea, fairness requires that Appellant be permitted to withdraw his plea as to the two felon in possession of a firearm counts in light of this Court’s reversal of the predicate felony. See Snyder, 673 So.2d at 11. Because the plea bargain in this case was based on multiple charges, however, permitting Appellant to withdraw his plea on two of the charges abrogates the entire plea bargain. See Whitaker v. State, 881 So.2d 80, 82 (Fla. 5th DCA 2004); see also Taylor v. State, 132 So.3d 882, 885 (Fla. 2d DCA 2014) (holding that although an ambiguity in the defendant’s plea agreement entitled him to withdraw his plea, “that same ambiguity means that he is not entitled to enforce the agreement against the State”).
For the foregoing reasons, we reverse and remand with instructions that the trial court permit Appellant to withdraw his entire plea in cases 15-5546CF and 15-7683CF with leave for the State to pursue *1055 the remaining charges against Appellant, including those which were nolle pressed.

Reversed and remanded.

Gerber and Forst, JJ., concur.

. Specifically, in case 15-5546CF, Appellant was charged with two counts of robbery with a firearm, two counts of aggravated assault with a firearm, one count of fleeing or attempting to elude (high speed reckless), one count of felon in possession of a firearm or axnmunition, and five counts of false imprisonment. In case 15-7683CF, Appellant was charged with one count of felon in possession of a firearm or ammunition, one count of aggravated assault with a firearm, and one count of shooting into an occupied vehicle.