605 So.2d 159 (1992)
Leon Devince KERNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-02343.
District Court of Appeal of Florida, Second District.
September 11, 1992.
James Marion Moorman, Public Defender, Bartow, and Timothy A. Hickey, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PARKER, Judge.
Leon Devince Kerney appeals his designation and sentence as a habitual violent felony offender. The crime for which the trial court sentenced Kerney was attempted manslaughter with a weapon, which resulted in a violent habitual felony offender sentence of thirty years' imprisonment without eligibility for release for ten years. We reverse and remand for resentencing.
The state noticed Kerney that it intended to treat him as a habitual violent felony offender. The record contains a career criminal prosecution packet evidencing Kerney's convictions and sentences to be:

*160
Conviction Sentence
1971  Uttering a forged instrument Probation; revoked in 1972 and
 and sentenced to five years
1976  Robbery Ten years beginning in 1977
1983  Burglary of a structure Five years
 (third-degree felony)
1983  Burglary of a structure Ten years consecutive to above
 (third-degree felony) sentence.

The record also contains an affidavit which stated that Kerney was released from custody on June 14, 1990.
Section 775.084(1)(b)2, Florida Statutes (1989) allows the trial court to designate a defendant as a habitual violent felony offender if the person has a conviction for an enumerated violent felony[1] within five years of the commission of the instant offense or has been released from a sentence for an enumerated violent felony within five years from the commission of the instant offense. Kerney committed attempted manslaughter with a weapon on December 19, 1990. The record contains evidence that Kerney had a conviction for one enumerated felony, a robbery, in 1976. There is no evidence in the record before this court that Kerney was released from custody for the robbery within five years of his commission of the instant crime. Burglary of a structure, a crime for which Kerney has been convicted more recently, is not an enumerated felony. Thus, there is insufficient evidence in the record to show that Kerney met the criteria set out in section 775.084(1)(b). This court, therefore, must reverse his designation and sentence as a habitual violent felony offender. Because Kerney failed to object at sentencing, the state on remand shall have the opportunity to prove that Kerney meets the requirements of the statute, either as a habitual violent felony offender or habitual felony offender. See Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991).
Reversed and remanded for a new sentencing hearing consistent with this opinion.
LEHAN, C.J., and PATTERSON, J., concur.
NOTES
[1] These enumerated violent felonies are arson; sexual battery; robbery; kidnapping; aggravated child abuse; aggravated assault; murder; manslaughter; unlawful throwing, placing, or discharging of a destructive device or bomb; armed burglary; or aggravated battery.