CAMPBELL, Acting Chief Judge.
Appellant challenges his judgment and sentence for possession of marijuana with intent to sell. We find merit only in appellant’s third issue regarding the sentencing as a habitual offender and affirm his conviction without discussion.
The evidence before us is insufficient to show that appellant met the criteria set forth in section 775.084(l)(b), Florida Statutes (1997), that appellant was convicted of an enumerated violent felony or has been released from a sentence for an enumerated violent felony within five years from the commission of the instant offense. The reeord reveals that appellant was convicted of grand theft in 1984 (eighteen-month sentence); attempted armed robbery and felon in possession of a firearm in 1986 (Case No. 85-11552 — two-year sentence; consecutive to Case No. 85-11553); armed robbery in 1986 (Case No. 85-11553— four-year sentence); and dealing in stolen property in 1989 (six-year sentence). The instant offense was committed on February 2, 1998. While there does appear to be a discrepancy in the judgment and sentence in Case No. 85-11552, it does not alter our conclusion that appellant’s sentence as a habitual violent felony offender must be reversed.
Although defense counsel requested a continuance and, in effect, objected to sentencing appellant as a habitual offender, he did so on the wrong basis. He conceded that the State had certified copies of appellant’s convictions in Case Nos. 85-11552 and 85-11553, without arguing whether appellant was released from custody for those crimes within five years of his commission of the instant crime. Therefore, on remand, the State shall be given the opportunity to prove that appellant meets the requirements of either a habitual violent felony offender or habitual felony offender under the statute. See Kerney v. State, 605 So.2d 159 (Fla. 2d DCA 1992); Johnson v. State, 576 So.2d 916 (Fla. 2d DCA 1991).
Affirmed in part; reversed in part and remanded.
PARKER and WHATLEY, JJ„ Concur.