FULMER, Judge.
James Norman Bonner appeals the trial court’s denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.800(a). We reverse the order of the trial court and remand the case for resentencing.
In 1993, Bonner was convicted of and sentenced for four counts of sexual battery and one count of burglary. He was sentenced as a habitual violent felony offender. This court subsequently vacated his consecutive sentences, and directed that because the convictions arose out of the same occurrence, they must be concurrent rather than consecutive. On resentencing, the court again sentenced Bonner as a habitual violent felony offender.
In his rule 3.800 motion, Bonner challenged his sentence on the ground that *20 he did not have the convictions necessary to qualify him as a violent felony offender. This claim is cognizable in a rule 3.800(a) motion. See Rose v. State, 698 So.2d 380 (Fla. 2d DCA 1997). Bonner argued that one of his previous offenses, aggravated battery, was not a qualifying offense at the time he committed the sexual batteries, January of 1991. See State v. Johnson, 616 So.2d 1 (Fla.1993). Bonner is correct. In Johnson, the court found that the 1989 amendments to section 775.084, Florida Statutes (1989), were unconstitutional. Id. at 4. Included in the 1989 amendments was the addition of aggravated battery as an offense that could be used to qualify a defendant as a habitual violent felony offender. Id.
In its order denying relief, the trial court noted that under the applicable statute, section 775.084, a defendant was required to have only one of the specified qualifying offenses. The trial court found that Bonner’s qualifying offense was throwing a deadly missile into a vehicle, a violation of section 790.19, Florida Statutes (1991). However, a conviction for violation of section 790.19 is not one of the offenses that may be used to qualify a defendant as a habitual violent felony offender. Consequently, the record does not support Bonner’s designation as a habitual violent felony offender, and he must be resentenced.
At sentencing, Bonner’s counsel did not argue that he did not have the predicate crimes required for sentencing as a habitual violent felony offender. On remand, the State may attempt to qualify him as a habitual violent felony offender or as a habitual felony offender, although his new sentence shall not exceed thirty years. See Kerney v. State, 605 So.2d 159 (Fla. 2d DCA 1992). If the State is unable to provide the documentation necessary to prove that Bonner qualifies for habitualization, he must be given a guidelines sentence.
Reversed and remanded.
GREEN, J., and CAMPBELL, MONTEREY, (Senior) Judge, concur.