PER CURIAM.
Robert R. Bozarth challenges the order of the trial court denying his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In his motion, Bo-zarth claimed that he did not have the requisite predicate conviction to be sentenced as a habitual violent felony offender. Such a claim is cognizable in a 3.800(a) motion. See Baxter v. State, 769 So.2d 1097 (Fla. 2d DCA 2000). However, because Bozarth’s sworn motion requires consideration of extra-record material, we treat it as filed pursuant to Florida Rule of Criminal Procedure 3.850. See Fenter v. State, 632 So.2d 685, 686, n. 1 (Fla. 2d DCA 1994) (concluding appellate court has authority to treat rule 3.800(a) motion as filed pursuant to rule 3.850 if motion is properly sworn and if it is in the interests of justice to do so). Accordingly, we reverse the order of the trial court and remand for further proceedings.
Bozarth entered an open plea to a seven-count information and was sentenced as a habitual violent felony offender pursuant to section 775.084(l)(b), Florida Statutes (1999). At the sentencing hearing, the State introduced certified copies of Bozarth’s convictions for robbery and throwing a deadly missile; the State also introduced a copy of Bozarth’s grand theft conviction. Bozarth does not dispute the existence of these convictions, but in his sworn motion, he alleged that the date of the commission of the offenses for which he was sentenced as a habitual violent felony offender was not within five years of the date of his prior convictions or within five years from his release from prison or supervision on the sentences for those convictions. Section 775.084(l)(b)(2)(b) requires that in order to qualify as a habitual violent felony offender, a defendant must have committed the new felony within five *421 years from the date of conviction or release from prison, supervision, or other sentence imposed as a result of a conviction for one of the violent felonies (or a conviction for an attempt or conspiracy to commit such felony) enumerated in section 775.084(l)(b)(l).
In the present case, robbery is the only felony of those relied upon by the State that is listed as an enumerated felony in section 775.084(l)(b)(l). At the sentencing hearing, the State advised the trial court that Bozarth qualified as a habitual violent felony offender because he was released from prison on the grand theft conviction within five years of the date of the commission of the new offenses. However, grand theft is not an enumerated felony and cannot be used to qualify Bozarth as a habitual violent felony offender if his conviction or release from a prison or supervisory sentence for robbery is outside the five-year time period. See Kerney v. State, 605 So.2d 159 (Fla. 2d DCA 1992).[1]
Although the State, at sentencing, advised the trial court regarding the date of Bozarth’s release from prison on the grand theft conviction, it did not introduce any evidence into the record regarding that release date. Furthermore, the State did not address the timing of Bozarth’s release from prison or supervision on the robbery conviction, and the date of the robbery conviction itself was outside the five-year period required by the statute. If Bozarth was not released from prison, parole, probation, or other type of supervision within the five-year period, his habitual violent felony offender sentences are illegal and he must be resentenced. The determination of this issue will require an evidentia-ry hearing. The grand theft conviction is also outside the five-year period. If the State can show that Bozarth was released from prison, parole, probation, or other supervision on the grand theft conviction within five years from the date of the commission of the present offenses, the trial court may resentence him as a habitual offender. If the State is unable to provide the documentation necessary to prove that Bozarth qualifies as a habitual offender, he must be given a guidelines sentence. See Bonner v. State, 26 Fla. L. Weekly D814, — So.2d -, 2001 WL 280477 (Fla. 2d DCA Mar.23, 2001). Our ruling today is without prejudice to any right Bozarth might have to file a timely, facially sufficient 3.850 motion raising claims not addressed here.
Reversed and remanded.
WHATLEY, A.C.J., and NORTHCUTT and SALCINES, JJ., Concur.

. Kerney v. State, 605 So.2d 159 (Fla. 2d DCA 1992), interpreted the 1989 statutes relating to habitual violent felony offenders. However, section 775.084(l)(b)(2), Florida Statutes (1989), required that the "felony for which the defendant is to be sentenced was committed within 5 years of the date of the conviction of the last prior enumerated felony or within 5 years of the defendant's release, on parole or otherwise, from a prison sentence or other commitment imposed as a result of a prior conviction for an enumerated felony, whichever is later.” (Emphasis added.)