IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JOHNNY L. SADLER, JR.,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D13-2913

Opinion filed July 14, 2014.

An appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

Johnny L. Sadler, Jr., pro se, Appellant.

Pamela Jo Bondi, Attorney General, and Michael McDermott, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

 Johnny L. Sadler, Jr., appeals the summary denial of his motion seeking postconviction relief brought pursuant to Florida Rule of Criminal Procedure 3.850. For the reasons discussed below, we reverse and remand.

On July 28, 1999, the appellant was convicted of unlawful sexual activity with a minor in Santa Rosa County case number 1998-CF-0818 and designated as a sexual predator. On July 30, 2007, the appellant was charged in the instant case, Escambia County case number 2007-CF-3786, with two counts of the failure of a sexual predator to register pursuant to sections 775.21(6)(g) and (6)(i), Florida Statutes (2007). On December 18, 2007, the appellant pled nolo contendere to the charges and was subsequently sentenced to 60 months in prison for each offense. He did not seek a direct appeal.

On August 16, 2011, the appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(a) in case number 1998-CF-0818, arguing that he had been improperly designated as a sexual predator. On May 8, 2012, this court reversed the trial court's denial of that motion and remanded with orders to strike the appellant's sexual predator designation. Sadler v. State, 112 So. 3d 498, 499 (Fla. 1st DCA 2012). On June 20, 2012, the trial court issued an order striking the designation.

On May 11, 2012, the appellant filed the instant rule 3.850 motion in case number 2007-CF-3786, arguing that his convictions for the failure to comply with registration requirements are invalid because they were based upon the erroneous sexual predator designation in case number 1998-CF-0818. He further alleged that he has continuously fought the designation since it was imposed and that the

2

opinion and order granting him relief in case number 1998-CF-0818 constitute newly discovered evidence excusing him from compliance with rule 3.850's two-year time limitation.

On May 21, 2013, the lower court summarily denied the motion, finding the motion to be untimely based upon the conclusion that the improper sexual predator designation could have been discovered earlier through the use of diligence.

Rule 3.850(b) requires a motion pursuant to this rule to be brought within two years of the movant's judgment and sentence becoming final. If no direct appeal is taken, a judgment and sentence become final after the 30-day period for filing an appeal has expired. Saavedra v. State, 59 So. 3d 191, 192 (Fla. 3d DCA 2011). Here, the appellant was sentenced on October 16, 2008, and he did not seek a direct appeal. Therefore, the appellant had until November 17, 2010, to bring a timely rule 3.850 motion, and the instant motion was filed almost two years after this time limitation expired.

However, an exception to the rule's timing requirements is allowed when "the facts on which the claim is predicated were unknown to the movant or . . . and could not have been ascertained by the exercise of due diligence" and that the claim is raised "within 2 years of the time the new facts were or could have been discovered with the exercise of due diligence." Fla. R. Crim. P. 3.850(b)(1). Ordinarily, if the due diligence requirement is met, the trial court must next decide

3

whether the newly discovered evidence would likely result in acquittal on retrial. Murrah v. State, 773 So. 2d 622, 632 (Fla. 1st DCA 2000). However, where an appellant pled guilty rather than stand trial, a claim for postconviction relief under rule 3.850 based upon newly discovered evidence is analyzed under the standard applicable to the withdrawal of pleas after sentencing. See Johnson v. State, 936 So. 2d 1196, 1197 (Fla. 1st DCA 2006). Therefore, the appellant must establish that withdrawal of the plea is necessary to correct a manifest injustice. Scott v. State, 629 So. 2d 888, 890 (Fla. 4th DCA 1993).

It has been held that an order vacating a conviction that served as a predicate for the imposition of a habitual sentence qualifies as newly discovered evidence. Wilson v. State, 857 So. 2d 964, 965 (Fla. 1st DCA 2003). In Wilson, the defendant's 1984 robbery conviction was vacated by a Maryland court on December 21, 2000. Id. The defendant then filed for postconviction relief in a 1991 case which relied upon his 1984 robbery conviction to habitualize him. Id. This court concluded that, as the predicate conviction was not vacated until December 21, 2000, the Maryland court opinion and order are "clearly newly discovered facts." Id.

In the instant case, the appellant pled to the charge of failure to register more than seven years after he was designated a sexual predator in case number 1998-CF-3638. Nonetheless, the appellant did not successfully obtain the order striking

4

his designation until June 20, 2012. Thus, pursuant to <u>Wilson</u>, this order qualifies as newly discovered evidence that could not have been discovered earlier through the exercise of diligence.

Further, the appellant has established that the withdrawal of his plea is necessary to correct a manifest injustice. In the instant case, the appellant's conviction was based upon the premise that he met the criteria for designation as a sexual predator and failed to comply with the registration requirements that were imposed because of this designation. However, the appellant did not actually meet the criteria for the imposition of the designation. Without the designation, he could not have been convicted of the instant offenses. <u>See</u> Fla. St. Jury Instr. (Crim.) 11.15(g) (reciting as an element of the offense of the failure of a sexual predator to register that the defendant be a sexual predator).

This situation is similar to cases where a defendant is convicted of the possession of a firearm by a convicted felon and the predicate felony is subsequently found to be invalid. For instance, in <u>Johnson v. State</u>, 664 So. 2d 986 (Fla. 4th DCA 1995), *approved in part,* 668 So. 2d 194 (Fla. 1996), the defendant argued that his conviction for the possession of a firearm by a convicted felon should be vacated as the predicate felony had been reversed on appeal. In reviewing the trial court's order denying the motion, the Fourth District Court of Appeal agreed with the defendant and reversed, concluding that, as there was no

predicate conviction upon which the charge could be based, the defendant's conviction for the possession of a firearm by a convicted felon "must necessarily be vacated." Id. at 988. Similarly, in Malcom v. State, the Third District Court of Appeal vacated a defendant's conviction for possession of a firearm by a convicted felon where it was discovered that adjudication had been withheld as to the predicate felony. 605 So. 2d 945, 948 (Fla. 3d DCA 1992).

In the instant case, as in Johnson and Malcom, the underlying factual basis for the appellant's convictions was invalid. He could not have been convicted of the charged offenses had he not been erroneously designated as a sexual predator. Given this information, we REVERSE the denial of the appellant's motion and REMAND with instructions for the trial court to vacate the convictions for the failure of a sexual predator to register.

ROBERTS, RAY, and SWANSON, JJ., CONCUR.

6