DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHRISTOPHER EARL MARTIN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-2009

[November 25, 2015]

Appeal of order denying amended rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. McCann, Judge; L.T. Case No. 562010CF003777A.

Christopher Earl Martin, Fort Lauderdale, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Richard Valuntas, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Christopher Martin appeals a trial court order summarily denying his motion for postconviction relief as amended. We affirm in part, and reverse and remand in part.

Martin was convicted of third degree grand theft, criminal mischief, and cheating at common law. He was sentenced *in absentia* as an habitual felony offender (HFO) to ten years in prison. His direct appeal was dismissed by this Court in 2013 due to his fugitive status. *See Jones v. State*, 362 So. 2d 149 (Fla. 3d DCA 1978). Martin's original motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 raised seven grounds. He was given leave to amend grounds one through three, which he did. The trial court summarily denied all seven grounds.

We affirm the denial of six of those grounds and confine our discussion to one part of his seventh ground in which he claimed his offenses fell outside of the five-year time period required for HFO status. § 775.084(1)(a)2.b., Fla. Stat. (2010). The trial court ruled that this claim

should have been raised on direct appeal and was not cognizable in a rule 3.850 motion. To the contrary, this ground was legally sufficient and should have been entertained by the trial court either as a rule 3.800(a) motion to correct illegal sentence, or a rule 3.850 motion for postconviction relief in the event it required consideration of extra-record material. *Wilson v. State*, 857 So. 2d 964 (Fla. 1st DCA 2003); *Bozarth v. State*, 789 So. 2d 419 (Fla. 2d DCA 2001); *Stocker v. State*, 617 So. 2d 789 (Fla. 1st DCA 1993). His motion was verified and timely. The trial court has not attached portions of the record which could refute this challenge.

Accordingly, we affirm in part, and reverse and remand in part for further proceedings consistent with this opinion.

CIKLIN, C.J., STEVENSON and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***